**RELIANCE MOTORS, Inc. (E. AWAD & CO., Inc., Intervenor) v. UNITED STATES.**

**No. 48340-B.**

United States Court of Claims.

Dec. 6, 1948.

Bolling R. Powell, Jr., of Washington, D. C. (Paul V. McNutt, of Washington, D. C., on the brief), for plaintiff.

Edward J. Leon, of New York City (Leon, Weill & Mahony, of New York City, on the brief), for intervenor.

Kendall M. Barnes, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, HOWELL, MADDEN and WHITAKER, Judges.

LITTLETON, Judge.

Plaintiff was and is a corporation organized under the laws of the Philippine Islands, with its place of business and principal office in the City of Manila, P. I. Its original petition was filed herein December 12, 1947. The intervening petition herein was filed April 16, 1948, and the question presented on plaintiff's motion to dismiss the intervening petition is whether the claim of the intervenor was barred by the statute of limitation of six years at the time its petition was filed.

On December 24, 1941 the War Department requisitioned certain automobiles and equipment from plaintiff and on December 30 issued and delivered a Treasury check for $4,300 to plaintiff, Reliance Motors, Inc., in payment therefor, such check being issued by the Special Disbursing Officer, Finance Department, U. S. Army. The check was received by and was in the possession of W. A. H. Duff, an officer of the Reliance Motors Corporation. Another officer of the corporation was Donald Keiffer.

The petition alleges that Duff was unable to deposit the check in any bank because of the proximity of the invading Japanese forces. Duff was captured by the Japanese and interned by them in the Santo Tomas prison camp from January 5, 1942, until February 3, 1945. Duff had the check in his possession until June 1942. During that month Duff and Donald Keiffer, who had also been interned, endorsed the U. S. Treasury check in blank as corporate officers of Reliance Motors, Inc., and exchanged it with persons outside the Japanese prison camp, through fellow internes who had access to the outside, for the sum of Pesos 6,020 (about $3,010 at prewar and postwar rates of exchange) representing a discount of 30% of the face value of the check. Apparently the sum mentioned was the amount actually received by Duff and Keiffer.

The petition further alleges "That when the Japanese forces occupied the Philippine Islands and at the time when said William Alfred Henry Duff and Donald Keiffer were captured and interned, they were no longer officers or agents of the petitioner, Reliance Motors, Inc., and had no authority to act for or on behalf of nor to bind the petitioner, Reliance Motors, Inc., in any acts by endorsing or transferring said check."

On June 15, 1945, plaintiff made demand upon defendant for payment of the sum of $4,300, and July 16, 1945, plaintiff, Reliance Motors, Inc., filed a formal claim with the United States for $4,300, supported by affidavits and accompanied by Bonds of Indemnity and Affidavits. This claim was made to the Division of Disbursements, Treasury Department. The claim has neither been allowed nor rejected.

March 31, 1948, the Intervenor, E. Awad & Company, Inc., a corporation organized and existing under the laws of the Philippine Islands (now the Republic of the Philippines), with its principal place of business in Manila, filed a motion for leave to file an intervening petition in the pending action brought by Reliance Motors, Inc. There was no opposition and the motion was granted April 16, 1948, and the intervening petition was filed on that day. This petition alleges, so far as is here ma-

terial, that during June 1942, Reliance Motors, Inc., endorsed and caused to be delivered to the intervenor through its then president, Samuel E. Awad, at Manila, the U. S. Treasury check above described "in exchange for the full amount of said check then and there paid in lawful Philippine currency." The check could not be deposited or presented for payment by E. Awad & Company, Inc., because of the continuance of the Japanese occupation of the Philippines, and was accordingly retained by the intervenor until December 1944, at which time the intervenor's president, Samuel E. Awad, was arrested by the Japanese forces for alleged collaboration with the U. S. military forces, and was apparently put to death. At the same time the Japanese occupation forces seized all property of E. Awad & Company, including this check for $4,300, in Manila, and either appropriated or destroyed the check.

The intervenor therefore alleges that it became the sole lawful owner and holder of the check and prays that the court adjudge that the Reliance Motors, Inc., take nothing herein, and further adjudge and order that the intervenor, E. Awad & Company, Inc., have and recover of and from the United States the sum of $4,300.

 Plaintiff's motion to dismiss the intervening petition is based upon the ground that the claim first accrued against the United States at the time the check for $4,300, dated December 30, 1941, should have been presented for payment, and from this plaintiff argues that the claim on which the intervening petition is based accrued December 31, 1941, and was barred more than four months before such petition was filed on April 16, 1948. In view of the circumstances disclosed by the allegations of the petitions of the plaintiff and the intervenor, we think the plaintiff's motion to dismiss should be denied. The general rule is that a claim accrues, within the meaning of the statute (28 U.S.C.A. § 262 [now 28 U.S.C.A. § 2501]), when all the events have occurred which fix the liability of the United States to a claimant and which entitle such person to sue thereon. Where two persons assert ownership of a claim against the United States under circumstances such as we have here, the period of limitation

for bringing suit is not necessarily the same as to both parties. Plaintiff claims on the check as originally issued and delivered to it, and its petition was filed within six years from such date of issue. The intervenor could not have presented the check or made claim therefor prior to June 1942. Therefore, the intervenor's right to file its petition and have its claim adjudicated on the facts which the evidence may develop is not barred.

The motion to dismiss is, therefore denied.

JONES, Chief Judge, and HOWELL, Judge, concur.

MADDEN, Judge (concurring in the result).

I agree with the court that the intervenor's petition should not be dismissed. My reason for so concluding is not, however, the reason given by the court. I suppose that an indorsee of an obligation such as a note or a check would be barred by limitation from enforcing it at the same time that the original payee was barred, that is, when the statutory period had elapsed after suit could have been brought upon the obligation. If this were not so, the right to enforce such paper could be kept alive indefinitely by transferring it each time that the statute was about to run against the then holder of it.

My reason for agreeing with the court's conclusion is that I think it is not certain, and, indeed, is very unlikely that any right to sue the United States accrued to either the plaintiff or the intervenor more than six years before the filing of the intervenor's petition on April 16, 1948. The check was dated December 30, 1941. The amended petition does not say when it was delivered to the plaintiff. Manila was captured by the Japanese on January 1, 1942. If the check was delivered before January 1, 1942, what, in the circumstances would have been a reasonable time within which it should have been presented for payment, cannot be learned from the plaintiff's petition, and would not be within the knowledge of the intervenor. I would, therefore, assume, without deciding, that the statute did not begin to run until a reasonable time

had elapsed after delivery to give the payee an opportunity to present the check for payment, and I would take evidence as to the facts of delivery and opportunity to present for payment.

WHITAKER, Judge, concurs in the foregoing opinion.