Whitaker, Judge,
delivered the opinion of the court:
Plaintiff alleges in his petition that on October 31, 1945, he applied for the position of supervisory engineer, or assistant custodian, in the Post Office building at Missoula, Montana, but that the position was filled by another on Feb *314 ruary 16, 1946. He sues for the salary of the office on the ground that he was entitled to the position under the Veterans’ Preference Act.
Defendant has filed a motion to dismiss plaintiff’s amended petition on the ground that the action is barred by the statute of limitations, since the petition was not filed until March 26, 1952, which is more than six years from February 16, 1946, when defendant says plaintiff’s cause of action, if any, first accrued.
Plaintiff says his cause of action did not accrue until June 18,1947 when the Eegional Director of the 11th United States Civil Service Commission Eegion refused to rule that plaintiff was entitled to the position, although the Executive Director and Chief Examiner of the United States Civil Service on May 17, 1946, had ruled that the position was custodial.
Plaintiff says that veterans were entitled to such positions under the Veterans’ Preference Act, and that he was the only veteran applying for it. If plaintiff was entitled to the position, he was entitled to be appointed to it when it was given to another. It was then that his rights were first invaded, and it was then, therefore, that his cause of action first accrued. So far as the statute of limitations is concerned, he had six years from that date to bring his action.
It has been repeatedly held that the pendency of administrative proceedings does not toll the statute, unless the Act under which suit is brought requires an administrative determination as a prerequisite to suit. In this case the statute was not suspended until there had been a refusal to give plaintiff the position after a ruling had been made that the job was custodial. If it was custodial, it was custodial when it was first refused plaintiff, and it was then that the action first accrued.
Moreover, it has been held many times that an employee denied a position, which is given to another, cannot, without a valid excuse, sit by and allow another to draw the salary of the position for years, and then require the Government to pay him the salary also. In such case laches bars his right to recover.
*315 It results that defendant’s motion is sustained, and plaintiff’s amended petition must be dismissed. It is so ordered.
Howell, Judge; Madden, Judge; Littleton, Judge; and Jones, Chief Judge, concur.