JoNes, Chief Judge,
delivered the opinion of the court:
This is a claim for salary arising from an alleged reduction in plaintiff’s rank or compensation in violation of section 14 of the Veterans’ Preference Act of June 27, 1944 (5 U. S. C. 863). The part of the statute here relevant provides:
No * * * preference eligible * * * shall be reduced in rank or compensation * * * except for such cause-as will promote the efficiency of the service and for. reasons given in writing, and the person whose * * * reduction in rank or compensation is sought shall have at least thirty days’ advance written notice * * *.
Plaintiff is a.veteran’s preference eligible within the meaning of this statute and during the period here in question was an employee of the Reconstruction Finance Corporation. In April 1945 employees of the Corporation were paid in accordance with a schedule authorized by the Board of Directors.[1] This schedule included the grades listed as EO-15 and EO-16 with maximum salaries of $5,200 and $6,000 per annum, respectively. During April 1945 plaintiff was promoted from grade EO-15, at an annual salary of $4,600, to grade EO-16, at an annual salary of $5,100, This was the situation prior to the action by the Corporation which plaintiff asserts gives rise to his claim.
*78 Effective July 1, 1945, the Corporation’s Board of Directors adopted a revised pay schedule for all employees of the Corporation. The Corporation’s personnel officer testified that this procedure was followed in order to afford its employees pay increases comparable to those afforded other Government employees by the Federal Employees Pay Act of 1945, approved June 30, 1945, 59 Stat. 295. This new schedule listed twenty-one separate EO grades instead of the twenty in the schedule which it replaced. Employees of the Corporation, including plaintiff, were assigned to grades and compensation under the revised schedule in accordance with the compensation which they had received under the former schedule. The resulting effect on grades EO-15 and EO-16 is reflected in the following excerpt from the memorandum furnished all employees by the Corporation:

[Emphasis supplied.]
Thus, plaintiff, whose grade was EO-16 at an annual salary of $5,100 on June 30, 1945, was assigned the new grade of EO-15 on the new schedule on July 1, 1945, at an annual salary of $5,705. There was no change in plaintiff’s duties or relative position in the organizational structure of the Corporation after July 1, 1945.
No notice was given to employees before the new pay schedule was adopted, but on July 5, 1945, the Corporation issued and distributed to its employees, including plaintiff, a memorandum explaining the changes resulting from the action taken. Plaintiff testified that he became aware immediately of the increase in his compensation, and the memorandum, the relevant chart of which is reproduced above, listed his new salary of $5,705 per annum under grade EO-15.
*79 Four years later, on July 19, 1949, plaintiff appealed to the Civil Service Commission asserting that his transfer from EO-16 in the old schedule to EO-15 in the new one of July 1945 constituted a reduction in rank or compensation and that inasmuch as the requisite thirty days’ notice had not been given, the Veterans’ Preference Act of 1944, supra, had been violated. The Chief Law Officer of the Civil Service Commission advised plaintiff on July 28, 1949, that the action of the Corporation did not constitute a reduction in rank. This ruling was subsequently affirmed by the Board of Appeals and Review of the Civil Service Commission, and on May 21, 1951, by the Commission itself.
The petition was filed in this court on September 24,1951. The essence of plaintiff’s contention is that since the maximum salary of EO-16 in the schedule in effect prior to July 1, 1945, was $200 per year more than that of EO-15 subsequently effective, he was reduced in “rank or compensation,” although he received an immediate raise in annual salary of $605 without any change of duties or position. However, it does not appear from the record that plaintiff ever reached the maximum salary in grade EO-15 allowable in the post-July 1945 schedule.
In view of the entire record, plaintiff’s argument that the action taken by the Corporation was a reduction in rank or compensation, within the purview of the Veterans’ Preference Act, is something less than convincing. It is unnecessary, however, to decide this point since the statute of limitations precludes recovery, 28 U. S. C. 2501. This provision bars any suit not instituted within six years from the accrual of the cause of action. The alleged violation of plaintiff’s rights under the Veterans’ Preference Act, i. e., failure to give the requisite thirty days’ notice, upon which this suit is based, occurred on or before July 1, 1945. The petition was filed on September 24, 1951, which is clearly beyond the time permitted by the statute. The assertion that no cause of action accrued until the denial of plaintiff’s appeal by the Civil Service Commission May 21, 1951, is without merit. It is well established that administrative proceedings do not toll the statute, unless the act under which *80 suit is brought requires an administrative determination as a prerequisite to suit. Ernest R. Gray v. United States, 124 C. Cls. 313; Love v. United States, 122 C. Cls. 144; Tan v. United States, 122 C. Cls. 662, cert. den. 344 U. S. 895. The case of O'Hare v. United States, 124 C. Cls. 250, cited by plaintiff, is not in point, since that action was brought under the Selective Training and Service Act of 1940, 50 U. S. C. 308, which guaranteed a veteran’s former position for a period of one year. It might be noted that claims for procedural violations of the Veterans’ Preference Act, supra, were specifically excluded from the operation of the rule there enunciated. See O'Hare v. United States, supra, p. 3.
Further, plaintiff’s assertion that he was not aware until “some time later” than July 1, 1945, that his grade under the new schedule was EO-15 is not sufficient to render the six-year statutory limit inapplicable here. Generally, lack of knowledge of the existence of a cause of action or of facts which constitute the cause will not postpone the operation of the statute of limitations. 54 Corpus Juris Secundum 216. In the instant case, however, it is unnecessary to employ this rule in concluding that the action is barred. Here plaintiff was immediately aware of his increased compensation and admittedly received the memorandum circulated by the Corporation, which listed his increased annual compensation under the new grade EO-15.
The conclusion is inescapable that any recovery to which plaintiff might otherwise be entitled is precluded by the statute of limitations.
Plaintiff’s petition is dismissed.
It is so ordered.
Howell, Judge; MaddeN, Judge; Whitaker, Judge; and LiitletoN, Judge, concur.
FINDINGS OF FACT
The court, having considered the evidence, the report of Commissioner W. Ney Evans, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiff is a citizen of the United States and eligible for veteran’s preference within the meaning of section 14 of *81 the Veterans’ Preference Act of June 27,1944. At all times material to the action he was an employee of the Reconstruí tion Finance Corporation, referred to hereinafter as the Corporation.
2. In April 1945, employees of the Corporation were paid in accordance with a schedule authorized by the Board of Directors.[2] The schedule included a grade listed as EO-15, with a maximum salary of $5,200 per annum, and another grade listed as EO-16, with a maximum salary of $6,000 per annum.
3. On April 14, 1945, plaintiff was employed in grade EO-15, at an annual salary of .$4,600.
On April 15,1945, plaintiff was promoted to EO-16, at an annual salary of $5,100.
4. Effective July 1, 1945, the Corporation’s Board of Directors adopted a revised pay schedule. The new schedule retained the designation of “EO,” and listed grades numerically from 1 through 17 and 17A, 18,19A, and 19B. Grade 17A was new, wherefore the new schedule listed 21 separate grades as compared with 20 grades listed in the schedule which it replaced. Increases in pay comparable to the increases authorized by the Federal Employees Pay Act of 1945,[3] were added to each bracket of each grade. Grades EO-15 and EO-16 were affected as follows:

5.Employees of the Corporation were assigned to grades and compensation under the revised schedule in accordance *82 with the compensation which they had received under the former schedule. Thus plaintiff, whose grade was EO-16 and whose compensation was $5,100 on June 30, 1945, was reassigned on July 1, 1945, to grade EO-15 at an annual salary of $5,705.
6. On July 5, 1945, the Corporation issued and distributed to its Washington office personnel (including plaintiff) a memorandum explaining the changes resulting from the revised pay schedule. No notice was given to employees before the action was taken.
Plaintiff became aware immediately of the increase in his compensation. The memorandum circulated by the Corporation listed plaintiff’s new rate of compensation under the new grade EO-15.
There was no change in plaintiff’s duties after July 1,1945.
7. On July 19, 1949, plaintiff appealed to the Civil Service Commission on the ground that his transfer from EO-16 to EO-15 in July 1945 constituted a reduction in rank, and that there had been no compliance with the provisions of the Veterans’ Preference Act of 1944, in that he had not been given the requisite 30 days’ notice.
On July 28,1949, the Chief Law Officer of the Civil Service Commission advised plaintiff that the action of the Corporation did not constitute a reduction in rank.
The opinion of the Chief Law Officer was upheld, on appeal, by the Board of Appeals and Beview of the Civil Service Commission, and, on May 21,1951, by the Commission.
CONCLUSION 03? LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is not entitled to recover, and the petition i& therefore dismissed.
Judgment is rendered against plaintiff for the cost of printing the record herein, the amount thereof to be entered by the clerk and collected by him according to law.

 The Board of Directors was given authority to fix the salaries of the Corporation’s employees by the Reconstruction Finance Corporation Act (47 Stat. 5) cf., Executive Order 9746, issued June 21,1934.

 The Board of Directors was given authority to fix the salaries of the Corporation’s employees by the Reconstruction Finance Corporation Act (47 Stat. 5). Cf. Executive Order 6746, issued June 21, 1934.

 Approved June 30, 1945, 59 Stat. 295.