LittletoN, Judge,
delivered the opinion of the court:
The plaintiffs in these two cases, both Civil Service employees, instituted these suits to recover amounts alleged to be due them by the defendant because of their being reduced in grade and salary. Plaintiffs allege that the reductions were in violation of their rights under the Veterans Preference Act of 1944, Sec. 851 et seq., Title 5 U. S. C. (1946 Ed.), as amended.
The plaintiff Group was reduced in grade effective May 5, 1946, and the plaintiff Kiernan was demoted on April 1,1945.
Defendant has filed a motion to dismiss plaintiffs’ petitions on the ground that the causes of actions are barred by the statute of limitations since neither petition was filed until July 21,1952, more than six years after the dates of the reductions in grade. The defendant asserts that the causes of actions, if any, first accrued when the alleged illegal actions of defendant were taken.
Plaintiffs contend that all pay which accrued within the statutory period, July 21,1946, to September 30,1951, in the case of Group, and July 21,1946, to date, in the case of Kier-nan, is not barred. The plaintiffs in effect are arguing that a new cause of action accrued to the plaintiffs at the expiration of each separate pay period.
The statute of limitations applicable to actions in this court is stated in Sec. 2501, Title 28 TJ. S. C. (1946 Ed.), as follows:
Every claim in which the Court of Claims has jurisdiction shall be barred unless the petition thereon is *137 filed, or * * * within, six years after such claim first accrues.
We have ruled that a claim accrues within the meaning of this statute when all the events have occurred which fix the liability of the United States to a claimant and which entitle such person to sue. thereon. Reliance Motors, Inc. v. United States, 112 C. Cls. 324, 328. See also Withers v. United States, 69 C. Cls. 584, 587. It does not allow a wronged employee to sit by without a valid excuse and permit another to draw the salary of a particular position for years and then require the Government to pay the wronged employee as well. Gray v. United States, 124 C. Cls. 313.
The plaintiffs’ causes of actions first accrued on the dates when the alleged wrongful reductions became effective. If wrongful, the liability of the defendant became fixed on those dates and the plaintiffs were then entitled to institute suits. No subsequent actions were taken by defendant which would give rise to a new cause of action. It is accepted law that the period of limitation on an action by an employee under an employment arrangement runs from the time at which the employee is discharged or refused employment. Schatte v. International Alliance, etc., 182 F. 2d. 158, 164, certiorari denied 340 U. S. 827.
More than six years elapsed between the time of the accrual of the plaintiffs’ causes of actions and the filing of the petitions in this court, and their claims are therefore barred by the statute of limitations. Defendant’s motions to dismiss are granted and the plaintiffs’ petitions are dismissed. It is so ordered.
Howell, Judge; MaddeN, Judge; Whitaker, Judge; and JoNes, Chief Judge, concur.