LittletoN, Judge,
delivered the opinion of the court:
The plaintiff, Joseph Y. Lowry, and a number of other individuals similarly situated and listed as plaintiffs in the petition filed herein, brought this suit by the filing of a petition on September 29, 1952, to recover additional overtime compensation alleged to be due them by reason of their employment by the War Department as civilian firefighters at an Army installation at the Port of Newark, New Jersey, during the period December 1, 1942, to December 31, 1944.
The defendant has filed a motion to dismiss the petition on the grounds (1) that the claim for additional overtime compensation is barred by the statute of limitations, and (2) that the facts alleged in the petition fail to state a claim upon which, as a matter of law, the plaintiffs may recover.
The petition herein was filed more than six years after the cause of action, upon which plaintiffs predicate the right to recover additional overtime compensation, first accrued. See 28 U. S. C. 262 (1940 Ed.); 28 U. S. C. 2501.
The material facts pertinent to the questions raised by defendant’s motion to dismiss, as set forth in the petition, are, in substance, as follows:
The plaintiffs, employed as civilian firefighters at an Army installation at the Port of Newark, New Jersey, claim that they are entitled to additional overtime pay for hours worked in excess of a prescribed number of hours per week for the period December 1, 1942, to December 31, 1944.
During that period the plaintiffs worked on regular scheduled tours of duty of 24 hours alternated with 24 hours off duty. In each 24-hour tour of duty 8 hours were designated for rest and sleep except when interrupted by emergencies.
The plaintiffs, as well as various other civilian employees of the United States Government, were compensated for overtime during the stated period pursuant to Senate Joint Resolution 170 (P. L. 821), approved December 22,1942 (56 Stat. 1068), and the War Overtime Pay Act of 1943 (57 Stat. 75). Regulations and directives issued by the Civil Service Commission and the War Department under these statutes provided for the payment of civilian firefighters as. “intermittent or irregular” employees. Under these regulations so classifying firefighters the plaintiffs, as in the case of *600 Conn, et al. v. United States, 107 C. Cls. 422, cert. den. 332 U. S. 757, 819, were given overtime compensation at a lower scale than they would have received if they had been classified under the statutes as regular civilian employees in respect to their hours of duty. On January 4, 1945, amendments to certain of the above regulations were issued by the Civil Service Commission and the War Department, which provided, in effect, that employees of plaintiffs’ category should be treated as regular employees for purposes of overtime compensation effective January 1,1945. Thenceforth, plaintiffs were paid overtime at the regular rate, whereas for the period December 1,1942, to December 31,1944, plaintiffs had been paid at the lower rate. Plaintiffs now claim for the difference in the two rates of overtime for the stated period.
The basis of the claim for additional overtime by plaintiffs is set forth in Paragraph XVI of the petition, as follows:
Plaintiffs state that during the period December 1, 1942-December 31, 1944, both inclusive, each of them was, in fact and in law, a full time or regular (as distinguished from an irregular or intermittent) employee of the War Department, performing (as later administratively determined by the Secretary of War) at least 56 hours of compensable employment per week and consequently entitled to overtime compensation at one and one-half times their respective regular compensations for a minimum of 16 hours per week during said period. Although the War Department, subsequent to January 1, 1945, has compensated plaintiffs upon such basis, it has refused to pay them or any of them said overtime compensation for the period December 1,1942-December 31, 1944.
Prior to the filing of this suit the plaintiffs had instituted a suit in the United States District Court for the District of New Jersey against the United States, seeking the identical relief claimed in the petition filed herein. The jurisdiction of the United States district courts, under 28 U. S. C. 1346, concurrent with the Court of Claims, 28 U. S. C. 1491 (Sec. 1, Act of June 25,1948,62 Stat. 940), of claims, of the character set forth in the petition herein, by employees of the United States was taken away by Sec. 50 (a) of the Act of October 31,1951, 65 Stat. 727, amending Sec. 1346 (d) (2), of Title 28 U. S. C. Bruner v. United States, 343 U. S. 112.
*601 Prior to the enactment of the Act of October 31, 1951, supra, Sec. 1346 (d) (2) of Title 28, provided that “The district courts shall not have jurisdiction under this section of: * * * (2) Any civil action to recover fees, salary, or compensation for official services of officers of the United States.” The Act of October 31,1951, supra, withdrew from the district courts jurisdiction of suits or claims by employees of the United States by inserting after the word “officers,” in the above quoted provision, the words “or employees.”
At all times prior to the enactment of the Act of October 31, 1951, supra, this court had original jurisdiction of suits or claims by officers or employees of the United States to recover fees, salary, or compensation for official services. See 28 U. S. C. 1491. Conn v. United States, supra.
The plaintiffs contend that the effect of the Act of October 31, 1951, supra, in withdrawing jurisdiction of the district courts of suits by employees of the United States, was “to create a period of limitation where none had existed previously.” In our opinion the position taken by the plaintiffs cannot be sustained under the circumstances of this case. At the time plaintiffs’ alleged causes of action accrued, this court had original jurisdiction thereof, and the period of limitation for the bringing of suit in this court was six years. The district courts had concurrent jurisdiction prior to October 31,1951, and such claims and the period of limitation in such courts was also six years. The plaintiffs, apparently, by reason of the decision of this court in Conn v. United States, supra, holding that employees employed as civilian firefighters by the War Department were not entitled to recover additional overtime compensation, such as is claimed by plaintiffs in this case, elected to bring suit in the United States District Court for the District of New Jersey. While said action was pending in the District Court, Congress repealed the provision under which the district courts had concurrent jurisdiction with the United States Court of Claims of claims by employees of the United States, and the repealing act contained no saving clause. Bruner v. United States, supra. In these circumstances we think it is clear that no new period of limitation was created for bringing this suit in this court beyond the original period *602 of limitation of six years, after the plaintiffs’ claims first accrued. The claim for additional overtime compensation for the period December 1, 1942, to December 31, 1944, was therefore barred by the statute of limitations at the time the petition was filed herein.
In view of our conclusion on the statute of limitations it is unnecessary to discuss in detail the second ground of defendant’s motion to dismiss, that is, that the petition fails to state facts sufficient to constitute a claim on which plaintiffs are, as a matter of law, entitled to recover. It is sufficient to state that under our decision in the case of Conn v. United States, supra, which involved identical employment and state of facts, the plaintiffs’ petition grounded upon the same statutes and regulations, does not state facts sufficient to constitute a claim on which relief for additional overtime compensation can be granted. While the present claimants assert that they were entitled during the period December 1, 1942, to December 31, 1944, to at least 56 hours of compensable employment, rather than 84 hours claimed in the case of Conn v. United States, supra, the difference in the number of hours for which overtime is claimed is immaterial. The plaintiffs base their claim for additional overtime compensation, during the period mentioned, on the theory that under the terms of the statute they should not have been classified under the regulations of the Civil Service Commission and the War Department as irregular and intermittent. In other words, it is claimed that the regulations in effect during the period December 1, 1942, to December 31, 1944, were invalid under the statutes. As to these regulations and orders, this court held in the Conn case, at page 459, as follows:
Congress prescribed the standards for the classification of employees for overtime pay purposes but left the decision as to what specific groups of employees should come within the specific classifications to be taken care of by “necessary and proper” regulations to be prescribed by the President, the Civil Service Commission and the heads of the departments concerned. Regulations so prescribed have the force and effect of law unless clearly beyond the authority conferred or produce a result clearly different from that intended by Congress.
*603 As to the amended regulations of the Civil Service Commission and the War Department issued January 4, 1945, effective January 1, 1945, this court said at page 462:
These amended regulations were within the authority conferred upon the Civil Service Commission under section 9 of the Overtime Pay Act of 1943, and they were favorable rather than unfavorable to plaintiffs. However, we find nothing in the statutes of 1942 and 1943 that requires the conclusion that such regulations should, in effect, be applied or enforced retroactively.
The defendant’s motion to dismiss is allowed, and the petition is dismissed.
It is so ordered.
Howell, Judge; MaddeN, Judge; Whxtakee, Judge; and JoNes, Chief Judge, concur.