Earle Robert BALL, The Heirs of John S. Becker, Deceased: Eugene C. Callahan, Everett T. Crossan, Robert J. Deegan, Charles S. Flippen, John Galvin, Willie A. Hopkins, William E. Mason, Charles Montini, John T. Moyer, Harry H. Murray, Raymond John Reilly, Louis R. Shields, Charles E. Weir

v.

The UNITED STATES.

No. 149–55.

United States Court of Claims.

Jan. 31, 1956.

Samuel I. Sherwood, Washington, D. C., for plaintiffs.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiffs, all honorably discharged veterans of the Armed Forces of the United States entitled to rights conferred by the Veterans' Preference Act of 1944, 58 Stat. 387, 390, as amended, 61 Stat. 723, 5 U.S.C.A. § 851 et seq., 863, are employed by the Department of the Navy at the Philadelphia Naval Shipyard.

On January 5, 1948, all plaintiffs, except Eugene C. Callahan, were reduced in rank, grade, and salary from their leadingman positions to various journeyman positions. On November 1, 1948, all plaintiffs, except Callahan, were restored to their former ranks, grades, and salaries pursuant to a temporary mandatory injunction issued by the U. S. District Court for the Eastern District of Pennsylvania. The District Court, on October 25, 1948, had held that they had been "unlawfully reduced" in grade. Plaintiff Callahan was reduced in grade on September 8, 1947, and was restored by order of the same District Court on July 14, 1948, for the same reason.

Plaintiffs seek by their petition filed April 8, 1955, to recover pay allegedly due them from the United States as a result of their alleged illegal reduction in grade.

On April 21, 1955, defendant filed a motion for an order dismissing the petition on the ground that this court does not have jurisdiction of the claims stated therein, since it appears on the face of the petition that the claims accrued more than six years prior to the filing of the petition and are accordingly barred by the statute of limitations, 28 U.S.C. § 2501, which provides in part:

"Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed, * * * within six years after such claim first accrues."

In order to determine whether or not a claim is barred by the running of the applicable statute of limitations, it is first necessary to decide when the cause of action on the claim first accrued. Plaintiffs contend that the cause of action sued on did not accrue until final disposition of their cases in the U. S. District Court in 1954. Plaintiffs also contend that in any event the statute of limitations must have been tolled during the pendency of the suits in the District Court because until that time plaintiffs were denied access to the Court of Claims by virtue of 28 U.S.C. § 1500,[1] citing Oerlikon Machine Tool Works v. United States, 102 F.Supp. 417, 121 Ct.Cl. 616. Defendant contends that the cause of action sued on herein accrued in the case of each plaintiff on the date of the wrongful demotion which, admittedly, occurred more than six years prior to the filing of the petition.

A cause of action arises from an invasion of a right or a violation of a duty or obligation. Travelers Fire Ins. Co. v. Ranney-Davis Mercantile Co., etc., 10 Cir., 173 F.2d 844. A cause of action accrues for purposes of the statute of limitations when a suit may first be legally instituted thereon, i. e., when all the events have occurred which fix the liability of the United States to a claimant and which entitle the claimant to sue thereon. Sese v. United States, 113 F.Supp. 658, 125 Ct.Cl. 526; Group v. United States, 125 Ct.Cl. 135; Reliance Motors, Inc., v. United States, 81 F.Supp. 228, 112 Ct.Cl. 324. Plaintiffs herein allege that they are entitled to recover under the provisos of the Veterans' Preference Act of June 27, 1944, 58 Stat. 390, as amended by the Act of August 4, 1947, 61 Stat. 723, 5 U.S.C.A. § 863. Before a cause of action may be said to have accrued under a statute, it must appear that all the statutory requirements have been met. Sanderson v. Postal Life Ins.

---

1. "The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States."

Co., 10 Cir., 72 F.2d 894, 897. The Act of June 27, 1944, prior to the 1947 amendment, provided that no preference eligible should be reduced in rank or compensation except for such cause as would promote the efficiency of the service; that the veteran should have the right to appeal in person to the Civil Service Commission from an adverse decision of the administrative officer; and that the Civil Service Commission should submit its findings and recommendations to the proper administrative officer. In the case of Stringer v. United States, 90 F.Supp. 375, 117 Ct.Cl. 30, we held that failure of the Government to comply with the procedural rights accorded the plaintiff under that statute, gave rise to a cause of action for pay lost on account of wrongful demotion from the date of such demotion to the date of judgment, Stringer not having been reinstated to his proper rank. Although the plaintiffs herein have not alleged in what manner their reductions in grade were in violation of the 1944 Veterans' Preference Act, they have alleged that the demotions were "illegal" and for the purposes of this motion we will assume that the provisions of the act were not complied with. Accordingly, plaintiffs have stated a cause of action within the meaning of the 1944 act. From all that appears, however, that cause of action was complete when the demotions took place, and plaintiffs were entitled to sue thereon at that time. Plaintiffs, however, did not elect to bring suit for lost pay at that time, but commenced action in the District Court against individual Government officials to secure reinstatement to their proper grades, and such reinstatements were finally ordered and made pursuant to a temporary mandatory injunction of the District Court as noted above. The Government officials appealed from the District Court order and in the case of Hopkins v. Wallin, 3 Cir., 1949, 179 F.2d 136 the temporary injunction of the District Court was vacated and the cause remanded to the District Court for further proceedings. In 1954 the cause was finally dismissed in the District Court for lack of prosecution.

It is plaintiffs' position that their cause of action under the Veterans' Preference Act, supra, as amended by the Act of August 4, 1947, did not accrue until the reinstatement proceedings in the District Court were finally terminated in 1954. The 1947 amendment to the Veterans' Preference Act of 1944 contains the following additional provision:

"* * * and it shall be mandatory for such administrative officer to take such corrective action as the Commission finally recommends: * * *."

In Goodwin v. United States, 127 Ct.Cl. 417, 118 F.Supp. 369, we held that the mandatory recommendation of the Civil Service Commission to reinstate in the case of a veteran demoted in violation of the provisions of the Veterans' Preference Act, supra, created a statutory claim against the employing agency for the back pay lost during the period of demotion; that the claim under that statutory provision arose when the mandatory recommendation of the Commission was issued; and that suit brought two months thereafter was timely, although more than six years had elapsed since the actual demotion took place. It does not appear that the instant plaintiffs have brought themselves within the ruling in the Goodwin case, since the order relied on by them is an order of the District Court rather than of the Civil Service Commission, as provided in the 1947 amendment to the Veterans' Preference Act, supra. Accordingly, no new cause of action accrued by virtue of the District Court order whenever it was final.

In the case of Green v. United States, 109 F.Supp. 720, 124 Ct.Cl. 186, we held that plaintiff's right of action under the Act of June 10, 1948, 62 Stat. 354 (amending the Lloyd-La Follette Act of August 24, 1912), 5 U.S.C. § 652(b)(3), for pay lost through wrongful *discharge*, accrued upon his restoration to

duty pursuant to a *final* mandatory injunction of the District Court, noting that the time to appeal therefrom had expired. This case does not help plaintiffs herein, however, since in Gregory v. United States, 123 Ct.Cl. 794, 107 F. Supp. 840, we held that section 652 of the 1948 act did not apply to demotions but only to discharges.

██ We have held that failure to pursue administrative remedies not required by the statute does not prevent a cause of action from accruing thereunder. Cuiffo v. United States, 131 Ct. Cl. 60. We have also held that the pendency of administrative proceedings not required by the statute under which suit is brought does not serve to toll the statute of limitations. Gray v. United States, 124 Ct.Cl. 313; McCormick v. United States, 109 F.Supp. 718, 124 Ct. Cl. 111; Thomas v. United States, 125 Ct.Cl. 76. Had the instant plaintiffs not been reinstated in their proper grades by order of the District Court, such circumstance would not have prevented their causes of action from accruing under the 1944 Veterans' Preference Act (before amendment) on the date of their illegal demotions. Stringer v. United States, supra.

But plaintiffs urge that because of the operation of section 1500 of the Judicial Code, 28 U.S.C. § 1500, they were absolutely barred from bringing suit in this court, and that as long as access to the court was thus denied them, the statute of limitations applicable to suits in the Court of Claims is tolled.

Assuming that section 1500 would have prevented plaintiffs from maintaining their suits against the Government for back salary in the Court of Claims while their suits for specific relief against individual Government officials were pending in the Federal District Court, a point which we do not decide, we do not think that the statute of limitations was tolled while plaintiffs' suits in the District Court were still pending. Prior to the commencement of the District Court suits against individual Government officials, plaintiffs had a completely accrued cause of action for pay against the Government itself on which they might have then brought suit in the Court of Claims. Plaintiffs' right to recover on the salary claims was in no way dependent upon a final judgment in reinstatement proceeding. In Creson v. Scott, 275 S.W.2d 406, the Kentucky court held that where plaintiff's claim was in no way dependent upon a judgment in a suit pending in another court, the pendency of that other litigation did not serve to toll the statute of limitations. In Brunswick Land Corp. v. Perkinson, 153 Va. 603, 151 S.E. 138, the Virginia court held that the pendency of an independent proceeding between the parties involving a cognate question did not serve to frustrate the plea of the statute of limitations after the lapse of the prescribed period. In that case the plaintiff had waited more than the applicable statutory period to file a suit for trespass to land. In response to the defense of the statute of limitations, plaintiff urged that the statute was tolled while he was seeking judgment in another proceeding against the same party to determine the actual boundary between their lands and to have the strip on which the alleged trespass occurred awarded to plaintiff. The court held that while the suit to try title or right of possession was related to the suit for damages for trespass, the two suits concerned distinct and independent causes of action, and the pendency of one did not serve to toll the statute of limitations on the other. See also In re H. L. Herbert & Co., 2 Cir., 1919, 262 F. 682. In Ylagan v. United States, 101 Ct.Cl. 294, certiorari denied, 323 U.S. 763, 64 S.Ct. 1285, 88 L.Ed. 1590, plaintiff sued for pay for a period of wrongful demotion and also for a subsequent period of wrongful removal from his position with the Government. The petition in the Court of Claims was filed more than six years from the alleged illegal acts of the Government, but within two years of a final order of the District Court dismissing proceedings brought therein by plaintiff against a Government official to secure reinstatement. Plaintiff contended that

the statute of limitations did not commence to run on his suit in the Court of Claims until final action had been taken in his District Court proceedings. The Court rejected this contention and dismissed the petition holding that the statute of limitations was not tolled by the failure of other supposed remedies. In Lowry v. United States, 125 Ct.Cl. 598, plaintiffs brought suit for overtime pay alleged to be due them by reason of their employment by the War Department as civilian firefighters during the period between December 1, 1942, and December 31, 1944. The petition was filed in this court on September 29, 1952. In response to defendant's plea of the statute of limitations, plaintiffs urged that the statute of limitations did not commence to run on their claims until suits on the very same pay claims pending in the Federal District Court were dismissed following the decision of the Supreme Court in Bruner v. United States, 343 U.S. 112, 72 S.Ct. 581, 96 L. Ed. 786. The Court of Claims dismissed the petitions, noting that at the time plaintiffs had filed their petitions in the District Court, that court and the Court of Claims had concurrent jurisdiction in pay cases of Government "employees" and that plaintiffs had apparently *elected* to bring suit in the District Court in the hope of more favorable treatment on their claims than they would have received in the Court of Claims because of this court's decision in the case of Conn v. United States, 68 F.Supp. 966, 107 Ct. Cl. 422, certiorari denied 332 U.S. 757, 68 S.Ct. 55, 92 L.Ed. 343.

Plaintiffs' reliance on the cases holding that a state of war which closes the court to a particular plaintiff tolls the statute of limitations, while access to the court is thus denied plaintiff is misplaced. In the case of Marcos v. United States, 106 F.Supp. 172, 122 Ct.Cl. 641, the court discussed at some length the reasons why the statute of limitations is tolled by war, and none of those reasons exist in a case like this where plaintiffs might have brought suit for pay in the Court of Claims when their causes of action accrued, but elected to seek reinstatement in the District Court by suits against the Government officials responsible for their demotion.

We conclude that plaintiffs have stated but one cause of action which accrued and might have been sued upon in this court at the time of the demotions complained of. No additional cause of action accrued to these plaintiffs by virtue of their subsequent reinstatement, and the pendency of their District Court proceedings in the reinstatement matter did not toll the running of the statute of limitations on their causes of action for pay in the Court of Claims, despite the fact that the dependency of such District Court proceedings might have deprived this court of jurisdiction of the pay claims. Since plaintiffs' petition was not timely filed, it must be dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.