867 F.2d 616
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mohan Rao MITTAPALLI, M.D., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1254.
 United States Court of Appeals, Federal Circuit.
 Jan. 26, 1989.
Suggestion for Rehearing In Banc Declined Feb. 24, 1989.
 
 Before MARKEY, Chief Judge, EDWARD S. SMITH and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Mohan Rao Mittapalli, M.D. (Mittapalli), appeals the judgment of the United States Claims Court in Mittapalli v. United States, No. 229-86C (Cl.Ct. Dec. 23, 1987). The Claims Court granted the United States' (Government) motion to dismiss Mittapalli's complaint for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 Mittapalli contends that the Claims Court erred by holding that Mittapalli's claim for back pay was barred by the 6-year statute of limitations set forth in 28 U.S.C. Sec. 2501 (1982). We disagree. Mittapalli did not file his complaint in the Claims Court within 6 years after his cause of action first accrued.
 
 
 3
 First, Mittapalli argues that his cause of action is for a continuing wrong beginning October 5, 1978, and continuing until the Professional Standards Board's due process hearing on March 28, 1985. We are not persuaded by this argument. "[A] cause of action against the government has 'first accrued' only when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577 (Fed.Cir.1988) (emphasis in original). In the present case, the "events" of which Mittapalli complains are the suspension of surgical privileges on August 16, 1978, and the separation from employment on October 5, 1978. It was not until April 7, 1986, more than 6 years after both events, that Mittapalli filed his complaint in the Claims Court. Further, it is not disputed that Mittapalli was aware of both the suspension and the separation.
 
 
 4
 Second, Mittapalli argues that the 6-year statute of limitations should be tolled during the period in which his action was pending in the district court. We disagree. Mittapalli's action for back pay in this case is entirely different from the injunctive relief in the form of a due process hearing that Mittapalli sought in the district court. Thus, the Claims Court correctly held that the statute of limitations was not tolled during the pendency of the district court action. See, e.g., Ball v. United States, 137 F.Supp. 740, 744-45 (Ct.Cl.), cert. denied, 352 U.S. 827 (1956).
 
 
 5
 Mittapalli has given us no grounds to disturb the Claims Court's judgment holding that Mittapalli's claim is barred by the statute of limitations. Therefore, we find it unnecessary to reach the res judicata issue.