GEORGE F. MILLER FARMS,
LTD., et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. 92–503 L.

United States Court of Federal Claims.

Feb. 23, 1993.

William L. Meardon, Iowa City, IA, for plaintiffs.

Margaret M. Sweeney, Washington, DC, for defendant.

## OPINION and ORDER

TURNER, Judge.

Plaintiffs brought this action under the Tucker Act, 28 U.S.C. § 1491(a)(1), seeking compensation for alleged Fifth Amendment takings. The matter stands on defendant's motion filed October 26, 1992 to dismiss the complaint for lack of jurisdiction or for failure to state a claim upon which relief can be granted. We conclude that defendant's motion should be denied.

### I

The following facts derive from plaintiffs' complaint and are accepted as true for purposes of resolving this motion. Plaintiffs own three tracts of land in Johnson County, Iowa. In the 1950s, defendant obtained easements on each of these tracts which allowed defendant to occasionally overflow, flood and submerge the tracts. When the easements were negotiated, defendant assured plaintiffs that the defendant's actions would not cause the tracts to flood more often than once every forty years. In subsequent years, the tracts flooded frequently for extended periods of time due to defendant's operations on the Coralville Lake Project. In 1982, defendant began negotiations to acquire permanent overflow easements over the lands around the Coralville Reservoir. Plaintiffs assert that actions of the defendant have resulted in the taking for public use of all or part of its private property interests. Plaintiffs seek damages as just compensation for the alleged takings.

Plaintiffs filed this action on July 27, 1992. Defendant moved to dismiss, asserting that the action is time-barred because the complaint was not filed within six years of the date that the claims accrued as specified in 28 U.S.C. § 2501.[1] Plaintiffs apparently agree that the claims accrued more than six years ago but contend that the timely filing of an identical action in this

---

1. To the extent that defendant's motion is one to dismiss for lack of jurisdiction under RCFC 12(b)(1), we believe it is mislabelled. Even if we agreed that the statute should not be tolled in this case, the defect would not be jurisdiction-

al. *See Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679, 686–89 (Fed.Cir.1992); *L.E. Cooke Corp. v. United States*, 27 Fed.Cl. 753, 754–55 (1993).

court, later dismissed pursuant to 28 U.S.C. § 1500, tolled the limitations period.

Prior to the filing of the instant action, the parties were involved in three separate actions concerning the same tracts of land. On November 20, 1986, plaintiffs filed a complaint in this court (No. 86–736) setting forth the same operative facts as the complaint in the instant action and seeking damages as just compensation for the alleged takings. Prior to the filing of that complaint, however, plaintiffs had filed, in October 1986, a complaint in the United States District Court for the Southern District of Iowa setting forth the same operative facts as the 1986 complaint in this court and seeking a declaratory judgment[2] and "[s]uch other necessary and proper relief as is necessary to grant Plaintiffs just compensation." Finally, defendant filed direct condemnation actions against these properties in federal district court during 1987.

Defendant filed a motion to dismiss the prior action in this court (No. 86–736), asserting that § 1500 deprived the court of jurisdiction. This court determined that § 1500 required dismissal unless plaintiffs amended their complaint in the declaratory judgment action in the district court by deleting any reference to money damages. Plaintiffs amended their district court complaint, and this court suspended the action pending final disposition of the declaratory judgment action in the district court.

Defendant also filed a motion to dismiss the district court action asserting that the proper forum for plaintiffs' claims was this court. In June 1989, the district court dismissed the action brought there by plaintiffs, concluding that plaintiffs' claims were nonjusticiable.[3]

On January 7, 1991, plaintiffs filed a motion to lift the suspension of the action pending here (No. 86–736). That motion was denied, and the suspension remained in effect pending resolution of the direct condemnation actions in the district court. On January 3, 1992, plaintiffs renewed their motion to lift the suspension, asserting that all condemnation proceedings were resolved. By letter dated January 16, 1992, however, we notified the parties that the Federal Circuit had heard a case en banc that was potentially dispositive of the jurisdictional issue in the case. *See UNR Indus., Inc. v. United States,* 911 F.2d 654, 665–66 (Fed.Cir.1990), *vacated,* 926 F.2d 1109, *reh'g en banc granted,* 926 F.2d 1109 (Fed.Cir.1991). In light of the potentially dispositive nature of *UNR,* we denied plaintiffs' motion and continued the suspension.

On April 23, 1992, the Federal Circuit issued an en banc decision in *UNR Indus., Inc. v. United States,* 962 F.2d 1013 (Fed. Cir.), *cert. granted sub nom. Keene Corp. v. United States,* —— U.S. ——, 113 S.Ct. 373, 121 L.Ed.2d 285 (1992). Put simply, the court construed § 1500 to remove jurisdiction in this court if, at any time during the pendency of the suit here, a plaintiff initiates or maintains a suit involving the same operative facts in another court. *UNR,* 962 F.2d at 1021. The Federal Circuit overruled several established precedents construing § 1500. *Id.* at 1019–21. Based on *UNR,* plaintiffs filed a motion for voluntary dismissal of their complaint. On June 5, 1992, we dismissed the complaint in No. 86–736 without prejudice for lack of jurisdiction. Then, on July 27, 1992, plaintiffs filed their complaint in this new action, alleging that the statute of limitations was tolled while they were involved in the actions discussed above.

## II

At issue is whether plaintiffs are entitled to equitable tolling of the statute of limita-

---

**2.** Plaintiffs sought a declaration that defendant's actions constituted a taking in violation of the Fifth Amendment, coercive action in violation of 42 U.S.C. § 4651, and a violation of the equal protection clause of the fifth amendment. Plaintiffs also sought a declaration that the "taking" occurred no later than April 1, 1982.

**3.** The district court construed the complaint as raising two claims. According to the court, the plaintiffs argued that defendant violated 42 U.S.C. § 4651 and the just compensation clause of the Fifth Amendment. The court concluded that § 4651 did not authorize a private right of action and that the Fifth Amendment claim was not ripe.

tions. In *Irwin v. Veterans Admin.*, 498 U.S. 89, 94–96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990), the Supreme Court held that the rebuttable presumption that equitable tolling is permissible in suits against private defendants also applies to suits against the United States. The Court identified two categories of cases in which tolling may be appropriate—"where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 94–97, 111 S.Ct. at 457–58.

■ In *Catawba Indian Tribe of South Carolina v. United States*, 982 F.2d 1564, 1570–72 (Fed.Cir.1993), the Federal Circuit applied equitable tolling principles to the limitations period contained in 28 U.S.C. § 2501, leaving no doubt that § 2501 is subject to tolling.[4]

Plaintiffs contend that the cases establishing the defective pleading ground for tolling support their position. Specifically, plaintiffs rely on *Burnett v. New York Central Railroad*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) and *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). In *Burnett*, 380 U.S. at 428, 85 S.Ct. at 1054, the Supreme Court held that the filing of a timely action under the Federal Employers' Liability Act in a state court, even though venue was improper, tolled the statute of limitations contained in that Act. In *American Pipe*, 414 U.S. at 550–51, 94 S.Ct. at 764–65, the Supreme Court held that the filing of a timely class action tolled the statute of limitations as to individual members of the class, enabling them to file separate actions after the district court found that the class action mechanism was inappropriate.

■ The issue then is whether timely filing in this court of an action, which is later dismissed for lack of jurisdiction pursuant to § 1500, tolls the running of the limitations period applicable to a later action based on identical facts and legal theories. Based on the facts present in this case, we conclude that it does. First, we briefly discuss § 1500 and the Federal Circuit's recent interpretation of that provision in *UNR*. Then, we address whether the purposes underlying the statute of limitations would be frustrated by equitable tolling of the statute of limitations in this case.

**A**

Section 1500 provides: "The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States...." In *UNR*, 962 F.2d at 1021, the Federal Circuit comprehensively revisited § 1500 jurisprudence and held that

1) if the same claim is pending in another court at the time the complaint is filed in the Claims Court, the Claims Court has no jurisdiction, regardless of when an objection is raised or acted on; 2) if the same claim is filed in another court after the complaint is filed in the Claims Court, the Claims Court is by that action divested of jurisdiction, regardless of when the court memorializes the fact by order of dismissal; and 3) if the same claim has been finally disposed of by another court before the complaint is

---

**4.** In *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), the Supreme Court clarified the class of filing deadlines to which equitable tolling principles apply. The Court indicated that the applicability of the doctrine depended on the purpose of the filing deadline. *Gilbertson*, —— U.S. at ——, 111 S.Ct. at 2782. If Congress intended the deadline to prevent the assertion of stale claims, then the deadline is properly characterized as a statute of limitations, and equitable tolling principles are read into the provision. *Id.* If Congress intended the deadline to be a cutoff of rights, then equitable tolling principles do not apply. *Id.; see also Iacono v. Office of Personnel Management*, 974 F.2d 1326, 1328 (Fed.Cir.1992) (holding that the filing deadline in the Spouse Equity Act is a required condition of eligibility that cannot be tolled). It is plain, as defendant apparently concedes, that 28 U.S.C. § 2501 was intended to be a statute of limitations. *See Catawba Indian Tribe of S. Carolina v. United States*, 982 F.2d 1564, 1570–72 (Fed.Cir.1993).

filed in the Claims Court, ordinary rules of res judicata and available defenses apply.

Finally, the court held that a "claim" in one case is "for or in respect to" a "claim" in another where the claims arise from the same operative facts even if the law prohibited the petitioner from bringing both claims in the same court. *Id.* at 1023.

The court explicitly overruled established precedents construing § 1500 to allow plaintiffs to maintain simultaneous actions concerning the same dispute in the Court of Federal Claims and another court. For example, the court overruled *Casman v. United States,* 135 Ct.Cl. 647 (1956), which held that § 1500 did not deprive the Court of Claims of jurisdiction of an action based on the same facts involved in a dispute in another court, if that other dispute sought a type of relief not available in the Court of Claims. *UNR,* 962 F.2d at 1022 n. 3. The court also overruled *Brown v. United States,* 175 Ct.Cl. 343, 358 F.2d 1002 (1966), which held that § 1500 did not deprive the Court of Claims of jurisdiction over an action where plaintiff pursued claims in the Court of Claims and another court based on the same legal theory, if the other court determined that the Court of Claims had exclusive jurisdiction over that type of claim. *UNR,* 962 F.2d at 1022. The Federal Circuit overruled those decisions as inconsistent with its view that the statute was designed not only "to prevent simultaneous dual litigation against the government" but also "to force an election of forum." *Id.* at 1021. In rejecting the argument that this interpretation would result in the time bar of either the Court of Federal Claims or district court action, the court noted that "a prohibition against suing the government simultaneously in multiple forums, and the likely inability to sue the government twice successively, are even more salutary in this day of excessive

litigation than they were back in the Civil War era whence section 1500 comes." *Id.*

Chief Judge Nies concurred but wrote separately to suggest that, in light of the court's new interpretation of § 1500, the precedent declaring equitable tolling of statutes of limitations not to be available, *Ball v. United States,* 133 Ct.Cl. 841, 137 F.Supp. 740, *cert. denied,* 352 U.S. 827, 77 S.Ct. 41, 1 L.Ed.2d 50 (1956), should be reconsidered where jurisdictional limits prevented the plaintiff from bringing all of its claims in the same forum. *UNR,* 962 F.2d at 1026. Chief Judge Nies observed that the Supreme Court's decision in *Irwin v. Veterans Administration,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), holding equitable tolling to be available against the government, supported such a reconsideration. *UNR,* 962 F.2d at 1026. In sum, she concluded that "the option of tolling the statute of limitations should be available to the Claims Court despite the *Ball* decision." *Id.*

*Ball* held that the pendency of proceedings in district court for reinstatement did not toll the running of the statute of limitations on a claim for pay in the Court of Claims, despite the fact that the pendency of the district court action might have deprived the Court of Claims of jurisdiction of the pay claims under § 1500. *Ball,* 133 Ct.Cl. at 848, 137 F.Supp. 740. *Ball* was decided in 1956, well before the Supreme Court's decisions in *Burnett* and *American Pipe.* *Ball* relied heavily on the so-called "war cases," concluding that the principles in those cases were not implicated.[5] *Id.* 133 Ct.Cl. at 847–48, 137 F.Supp. 740. In any event, we conclude that *Irwin* implicitly overruled *Ball* by holding that a defective pleading was an appropriate ground for tolling.[6] Finally, even if *Ball* remains valid law, it is readily distinguishable from the instant case because unlike the plaintiff in *Ball,* the plaintiffs in this

**5.** It is well-settled that a state of war tolls the statute of limitations with respect to persons to whom the courts are closed. *See Marcos v. United States,* 122 Ct.Cl. 641, 106 F.Supp. 172 (1952).

**6.** Judge Nies stressed that *Ball* and *Casman,* the case permitting simultaneous actions in the

Court of Federal Claims and another court where the actions involve different types of relief, are interdependent. In her view, the *UNR* court's rejection of *Casman* "seriously eroded" the decision in *Ball.* *UNR,* 962 F.2d at 1026.

case filed a timely prior complaint in this court that set forth the same operative facts and was based on the same theory for relief as the complaint that initiated the captioned case.

## B

"[T]he basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." *Burnett*, 380 U.S. at 427, 85 S.Ct. at 1054. *See also Bowen v. City of New York*, 476 U.S. 467, 480, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986) (concluding that tolling was consistent with the statutory scheme); *Honda v. Clark*, 386 U.S. 484, 494–95, 87 S.Ct. 1188, 1193–94, 18 L.Ed.2d 244 (1967) (concluding that tolling during the pendency of related litigation was consistent with the legislative purpose of the period of limitations contained in the Trading with the Enemy Act). Examination of the purposes served by the statute of limitations indicates that they would not be frustrated by adopting the tolling rule. "Statutes of limitations are primarily designed to assure fairness" to adversaries by requiring actions to be commenced within a specified time period so that adversaries are put on notice to defend before " 'evidence has been lost, memories have faded, and witnesses have disappeared.' " *Burnett v. New York Cent. R.R.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965) (quoting *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)). It is well-established that the "policy of repose, designed to protect defendants, is frequently outweighed, however, where the interests of justice require vindication of the plaintiff's rights." *Id.*

These plaintiffs filed a timely action in this court seeking precisely the same relief on the same legal theory as the instant action. In these circumstances, plaintiffs cannot be said to have slept on their rights, and the defendant cannot claim prejudice due to lack of notice within the statutory period. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 467, 95 S.Ct. 1716, 1723–24, 44 L.Ed.2d 295 (1975) (noting that the tolling effect given to timely prior filings depends heavily on whether subsequent filings involve the same cause of action). Moreover, we are satisfied that plaintiffs acted reasonably and diligently. From the time of the filing of the first action to the time that the Federal Circuit decided *UNR*, plaintiffs justifiably could contend that this court had jurisdiction over the first action under *Brown* and *Casman* and their progeny. Then, after the Federal Circuit overruled these precedents in *UNR*, plaintiffs sought voluntary dismissal of the action, and approximately six weeks later filed their second action in this court. It is clear that plaintiffs have actively pursued their claims. Accordingly, we conclude that the purposes behind this statute of limitations will not be compromised by tolling under these circumstances. We emphasize that § 2501 was not intended to serve as a cutoff of rights, but instead as a filing deadline designed to protect defendants from defending stale but otherwise valid claims. In this case, where plaintiffs did everything possible to preserve their claims and where defendants suffer no prejudice due to lack of notice of these claims, we conclude that the statute of limitations was tolled upon the filing of the first action in this court.

## III

Based on the foregoing, defendant's motion filed October 26, 1992 to dismiss the complaint for lack of jurisdiction or for failure to state a claim upon which relief may be granted is DENIED.