**WALSH v. BOSTON & M. R. R. et al.**

**Civ. A. No. 8430.**

United States District Court
D. Massachusetts.

Jan. 5, 1950.

---

Withington, Cross, Park & McCann and Lothrop . Withington, Boston, Mass., for plaintiff.

Parker Brownell, Boston, Mass., for defendants Boston & M. R. R. and Edward S.. French and William J. Burns.

Edward O. Proctor, Boston, Mass., pro se, as receiver of Boston Railroad Holding Co.

SWEENEY, Chief Judge.

There is before me a motion to dismiss based upon an allegation that the jurisdictional amount is not present. This is a stockholder's suit which seeks to invalidate the last annual meeting of the stockholders of the Boston & Maine Railroad. The basis for the charge of invalidity is that the Boston Railroad Holding Company's shares in the Boston & Maine Railroad were improperly and illegally voted. If this allegation is true, then no quorum was present at the meeting and all action taken at that meeting was void and of no effect.

The defendants' motion to dismiss argues that, even if the plaintiff should prevail in this case, there is nothing of value to him to be gained in excess of $3,000. The final prayer of the bill asks that the Boston Railroad Holding Company be enjoined from voting its shares of the Boston & Maine Railroad at any future stockholders' meetings on the ground that the Supreme Judicial Court of Massachusetts has appointed a receiver of the Holding Company, and that he alone has the right to vote its shares. In Harris v. Brown et al., D.C., 6 F.2d 922, 924, the Court stated that, "In injunction cases * * * it is now well settled that the value of the matter in dispute, for jurisdictional purposes, is not tested by the mere immediate pecuniary damage resulting from the acts complained of, but by the value of the business or property right for which protection is sought."

The basis of this whole action of course is to take away control of the Railroad's affairs from its present Board of Directors and substitute therefor another Board. If this were a mere action between the individual stockholders and the person who attempted to vote the Holding Company's shares there might be some substance to the claim that the value of the thing to the individuals seeking redress is a test of the jurisdictional amount, but in this case the Boston & Maine Railroad and the Boston Railroad Holding Company are both named as defendants. The essential matter in controversy in this suit is the right to control a huge corporation operating railroads in several states.

There is no doubt in my mind that the value of the matter in controversy is well over $3,000. The motion to dismiss is therefore denied.