**O'HARE v. UNITED STATES.**

No. 376–52.

United States Court of Claims.

Jan. 13, 1953.

716

Carl L. Shipley, Washington, D. C., for plaintiff.

John I. Heise, Jr., Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

Plaintiff was an employee of the Cleveland regional office of the Railroad Retirement Board, with permanent civil service status. His claim is for loss of salary resulting from an allegedly wrongful demotion in grade.

Plaintiff's petition alleges the following facts: At the time of his induction into the Army on December 20, 1942, under the Selective Training and Service Act of 1940, 54 Stat 885, 50 U.S.C.App. §§ 301–318, now 50 U.S.C.A.Appendix § 451 et seq., and for a period of approximately a year and a half prior thereto, plaintiff had held the position of supervisor of one of the two units of claims examiners in the Cleveland regional office of the Railroad Retirement Board, grade CAF–5. The title of the position was "Unemployment Claims Examiner", although plaintiff's title had been changed to "Field Representative" on October 1, 1942, because for some reason the title "Unemployment Claims Examiner" had been omitted from a new list of positions in the Railroad Retirement Board promulgated on that day.

Plaintiff was honorably discharged from the Army and returned to work for the Board on November 5, 1945. At that time he was assigned the identical duties he had been performing prior to his induction into the Army. The position had meanwhile been upgraded to CAF–7. Plaintiff was informed by the regional director, however, that the position to which he had been assigned upon his return was not his former position, but that he had been temporarily promoted to fill the position of Mr. Stephen Wolfer, who was then in the military service. Plaintiff was informed that his own former position of Unemployment Claims Examiner, CAF–5, was no longer in existence.

On February 4, 1946, plaintiff was notified by letter from the regional director that effective March 4, 1946, he was being displaced from his position of Unemployment Claims Examiner, CAF–7, by the return of Mr. Wolfer from military service. The letter further informed plaintiff that his rights were to the position of Certifying Officer, CAF–6, in Cleveland, and that since plaintiff had indicated he preferred to remain in Cleveland his demotion would be effective March 4, 1946. The letter stated that it was a "thirty day advance notice" of displacement. It contained no statement concerning plaintiff's status or rights as a veteran.

On March 4, 1946, plaintiff was demoted to grade CAF–6 but was kept in the same position with duties unchanged. He submitted a written appeal to the Board's Director of Personnel in Chicago on March 18, 1946, but received no answer. Nor was there any reply to a follow-up letter on April 18, 1946. In response to a third letter sent on September 2, 1946, to the Secretary of the Board, he was notified that his case was being referred to the Board's Veterans Adjustment Committee; and in November 1946 he was notified that this committee was deferring action on cases of veterans in the field service until the following year.

In December 1946 plaintiff was promoted to Unemployment Claims Examiner, CAF–7, but apparently at a lower within-grade salary rate than that to which he was allegedly entitled. In August 1947 plaintiff was shown a notice stating that the Veterans Adjustment Committee had been abolished. Plaintiff next alleges that the Railroad Retirement Board rendered a final decision on June 27, 1951, denying him re-

lief, and that on April 24, 1952, the Civil Service Commission likewise refused relief.

The gist of plaintiff's claim is apparently that as a result of the demotion in grade on March 4, 1946, he was wrongfully denied his right under the Selective Training and Service Act to employment in his former position or one of like seniority, status, and pay for a period of one year from date of restoration to duty upon his return from military service.

■ Plaintiff's petition was filed here on July 21, 1952. Defendant has moved to dismiss the petition on the grounds that the claim set forth therein is barred by the statute of limitations, which withholds from this court jurisdiction of claims arising more than six years prior to the filing of a petition therefor. Plaintiff contends, as in McCormick v. United States, Ct.Cl., 109 F.Supp. 718, that his claim did not arise until June 27, 1951, when the Railroad Retirement Board finally denied him relief. It is clear, however, under the authorities cited in the McCormick case that the statute of limitations was not tolled while plaintiff's claim was under consideration by the administrative officials. Plaintiff's contention in this respect must be rejected.

■ Thus plaintiff is barred by limitations from recovery for any period prior to July 21, 1946. If plaintiff's allegations are correct, however, for the reasons set forth in the McCormick case we do not believe the statute of limitations bars recovery for the period July 21, 1946, to November 5, 1946, which marked the expiration of the one-year period of protection guaranteed plaintiff as a returning veteran under the Selective Training and Service Act. See also Wheeler v. United States, Ct.Cl., 109 F.Supp. 703.

The fact situation alleged in the instant case differs in one respect from that in McCormick v. United States, supra. In the latter case McCormick allegedly had never been restored to his former position upon application for reemployment, but from the beginning was given a lesser position. In the instant case, however, plaintiff was apparently duly restored to his rightful former position but several months thereafter, still within the one-year protected period under the Selective Training and Service Act, was wrongfully demoted. There is thus the additional factor that plaintiff in the instant case, who apparently was a preference eligible under the Veterans' Preference Act, 5 U.S.C.A. § 851 et seq., may have been entitled to the procedural steps set forth in 5 U.S.C.A. § 863 in effecting his demotion on March 4, 1946. It does not appear to what extent, if any, plaintiff is relying here upon denial of any procedural rights under section 863. It does appear, however, that if there was any such denial it must have occurred prior to July 21, 1946, and recovery therefor under section 863 is barred by the statute of limitations.

Defendant's motion must therefore be granted in part and denied in part. Plaintiff's claim is dismissed as to all periods prior to July 21, 1946. If by stipulation, admission of facts, or otherwise, it is established that on March 4, 1946, plaintiff was demoted in grade in violation of his rights under the Selective Training and Service Act of 1940, 50 U.S.C.App. § 308, and wrongfully denied pay to which he was entitled up to November 5, 1946, plaintiff will be entitled to recover for the period July 21, 1946, to November 5, 1946, but for no period thereafter.

The case will be referred to a commissioner of the court for such further proceedings as may be necessary.

It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.