John W. POWERS

v.

Pleasant D. GOLD.

Civ. No. 53-182-M.

United States District Court
D. Massachusetts.

May 19, 1953.

15. Pacific Westbound Conference v. Leval & Co., Or., 269 P.2d 541.

94

Sumner M. Lieberman, Boston, Mass., for plaintiff.

George F. Garrity, U. S. Atty., Thomas P. O'Connor, Asst. U. S. Atty., Boston, Mass., for defendant.

WYZANSKI, District Judge.

This is an action for declaratory and injunctive relief. The gist of the complaint is that plaintiff, a veteran of World War II, alleged that defendant, the Commander of the Boston Naval Shipyard, by a notice dated January 14, 1953 reclassifying plaintiff's position, has in effect begun steps toward denying preferences established in plaintiff's favor by § 4 of the Act of August 23, 1912, 37 Stat. 413, 5 U.S.C.A. § 648, §§ 12 and 14 of the Veterans' Preference Act of 1944, 58 Stat. 390, 61 Stat. 723, 63 Stat. 1067, 5 U.S.C.A. §§ 861, 863, and § 1104 of the Classification Act of 1949, 63 Stat. 973, 5 U.S.C.A. § 1075.

The facts shown by the affidavits are not seriously disputed.

Plaintiff, a veteran of World War II, entered employment as a supply clerk at the Boston Naval Shipyard, December 4, 1950. At all times, he has been rated "good" or better, or, under the present rating system, "satisfactory" or better. April 13, 1952, defendant's duly authorized subordinate, Healy, notified plaintiff he was given a "promotion (indefinite)" from the position of Property & Supply Clerk GS–3 to the position of Property & Supply Clerk GS–4, at $3575 per annum, "classification grade of this position is subject to post-audit and correction by the AWCO or by the CSC."

January 14, 1953 defendant notified plaintiff that the position plaintiff was occupying has been classified GS–3, that the classification would become effective in 30 days, and that plaintiff might appeal to defendant.

January 23, plaintiff submitted an appeal to defendant. February 4, plaintiff was notified that he would have a hearing before the Civilian Appeals Board of the Boston Naval Shipyard, a tribunal advisory to defendant, and established by Article 1–2–6 of the Boston Naval Shipyard Manual. February 23, that Board prepared a report. Were it not for hearings in this Court, defendant would by now have denied the appeal and defendant would have made effective the reclassification notice of January 14.

February 11, plaintiff appealed to the Civil Service Commission from the January 14 notice. The same day the regional office of the Commission declined jurisdiction on the ground that there had been no final action by the Navy. April 22, pursuant to instructions from Washington, the regional office decided to take jurisdiction as an exception. Simultaneously the Regional Director ruled that in plaintiff's case there was no violation of the substantive provisions of the Veterans' Preference Act, because the regulations do "not apply to termination of temporary appointment" and that the record "does not disclose that the proposed action is due to reduction in force or is in lieu thereof but rather it is * * * such as will promote the efficiency of the service." The Director stated that within seven days appeal could be taken to the Commission in Washington. No appeal appears to have been taken.

Of the numerous jurisdictional and procedural questions raised in this Court by defendant's pleadings the only one requiring consideration is whether the amount in controversy is, exclusive of interest and costs, $3,000. 28 U.S.C. § 1331. See Joy v. Hague, 1st Cir., 175 F.2d 395; Marshall v. Crotty, 1 Cir., 185 F.2d 622, 625–626. The disposition of this question has been simplified by a stipulation of the parties as to many facts.

When plaintiff received the notice of Apr. 13, 1952—he was promoted from a GS–3 position at an annual salary of $3,430, to a GS–4 position at an annual salary of $3,575. This GS–4 annual salary of $3,575 was raised to $3,655 effective April 13, 1953. It has been agreed by the parties that it would take about 13 years and one month before the dif-

ference between the salary paid at present rates to a GS–3 employee and the salary paid at present rates to a GS–4 employee would equal $3,000.*

■ There is no evidence or stipulation showing how long the Government may reasonably be expected to operate the Boston Naval Shipyard at such levels of employment as to require enough GS–4 property and supply clerks to give a place for a person with plaintiff's veteran and seniority rights. But the absence of direct evidence is not fatal. A court may take judicial notice of the general circumstances surrounding employment in Government shipyards and make "a forecast of probabilities". See Marshall v. Crotty, supra, 185 F.2d at page 626. Employment in naval shipyards fluctuates sharply according to international conditions, Congressional appropriations, and other factors of political significance. At the moment, due to world tensions and previous Congressional appropriations, the level of employment is extremely high. Yet from what is generally known it appears highly probable that there will be serious cutbacks within the next decade. That is, there is likely to be "a subsequent reduction in personnel so extensive in character 'as to justify the release of an employee with preference rights to which the plaintiff lays claim.'" Marshall v. Crotty, supra, 185 F.2d at page 626.

■ Under the circumstances, this Court finds that plaintiff has failed to sustain his burden of showing by evidence or by forecast, that there are likely to be at least thirteen more years of such high activity at the Boston Naval Shipyard as to afford employment as a GS–4 supply clerk to an employee with preference rights to which plaintiff lays claim. From this finding, it follows that plaintiff has not brought a case involving the jurisdictional amount of $3,000. 28 U.S.C. § 1331.

The correctness of this conclusion seems to me supported by considering what action this Court would be required to take if, after defendant restored plaintiff to a GS–3 level, plaintiff should sue him for damages. In such a contract action, the principles and methods of calculating damages would not differ from those which Marshall v. Crotty has said are appropriate in calculating jurisdictional amount. Pierce v. Tennessee, etc., R. Co., 173 U.S. 1, 19 S.Ct. 335, 43 L.Ed. 591; Greenberg v. Paramount Pictures, 2 Cir., 85 F.2d 42, 106 A.L.R. 1116; Cutter v. Gillette, 163 Mass. 95, 97, 39 N.E. 1010. See 5 Williston, Contracts, 2nd ed., § 1362, p. 3822, note 3. And in an action for breach of contract, neither a court nor a jury could reasonably find that on the facts at bar the foreseeable damages reach a figure so high as $3,000.

Inasmuch as this case is being dismissed on a jurisdictional point, a discussion of the merits of the controversy ordinarily would be inappropriate. But here such a discussion may save time and expense. Standing alone, this Court's decision on the jurisdictional point may seem to plaintiff so doubtful as to warrant an appeal, and yet after a brief analysis and exposition of the merits an appeal may seem fruitless.

■ The record shows incontrovertibly that plaintiff took his "indefinite promotion" GS–4 position subject to an express condition subsequent, that the classification grade of the position was subject to re-classification through "post-audit and correction". Such specifically bargained for re-classification, and nothing else, is what threatens to bring plaintiff back to the GS–3 pay status he had a year ago. Where a veteran chooses to take a position at a grade higher than the one he occupies, with the express stipulation that the position is subject to re-classification, and

---

* In strict justice, this method of computation is too favorable to the plaintiff, for it overlooks the point that in calculating the present value of payments due at future dates, there must be appropriate discounts.

there does occur just such a re-classification which brings his new job back to the level of his earlier job, there has been no "reduction of force" within the meaning of § 12 of the Veterans' Preference Act, 5 U.S.C.A. § 861 or the holding in Reynolds v. Lovett, 91 U.S.App.D.C. 276, 201 F.2d 181, and there has been no violation of any other provision of law giving veterans preference. Cf. Elder v. Brannan, 341 U.S. 277, 285–287, 71 S.Ct. 685, 95 L.Ed. 939. The expressly conditional nature of the position to which plaintiff was promoted distinguishes his case from those where a veteran occupied a position to which no express condition of possible re-classification was attached when he took it, and which was subsequently re-classified downwards to his potential detriment. Cf. Group v. Finletter, D.C., 108 F.Supp. 327, 40 Op.Atty. Gen. 510. But see 30 Op. Atty. Gen. 167.

Complaint dismissed for lack of jurisdiction.