**Donald W. RILEY**

v.

**The UNITED STATES.**

No. 492–53.

United States Court of Claims.

Nov. 30, 1954.

Donald W. Riley, pro se.

Arthur E. Fay, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiff is a veteran entitled to the benefits of the Veterans' Preference Act of 1944, 5 U.S.C.A. § 851 et seq. He was employed as an accounting clerk, EO–9, at a salary of $2,600 per annum in the Reconstruction Finance Corporation, Washington, D. C., effective February 24, 1944. On May 17, 1947, he was in the same position but the salary was $3,420 per annum.

On May 18, 1947, due to a reduction in force, plaintiff was changed from a grade 9 position to an accounting clerk's position, grade 8, at $3,021 per annum. Effective at the close of business August 29, 1947, he was separated from this position on account of a reduction in force procedure. He claims damages by reason of an alleged improper reduction in grade. The reduction was effective May 18, 1947. The petition was not filed until August 4, 1953. This part of plaintiff's claim is therefore barred

by the 6-year statute of limitations and this court has no jurisdiction to allow recovery thereon. Group v. United States, 125 Ct.Cl. 135.

■■ It is not alleged that plaintiff's discharge from the Defense Supplies Division of the War Assets Administration was procedurally defective. The petition states that plaintiff was employed in that division on May 18, 1947, on a basis of grade 8 with a salary of $3,021 per annum, but after two months in that division he was notified that his services would be terminated August 29, 1947. Under his own allegations, plaintiff was given the full 30-day notice, and if the procedure was regular, it is not our province to inquire into the question of whether he should have been employed or retained. Since in the absence of an allegation to the contrary it must be presumed that in terminating plaintiff's services on August 29, 1947, the regular notice was given and the prescribed procedure followed, plaintiff is not entitled to recover.

Defendant's motion is granted, and the petition is dismissed.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.