384

Roy B. O'BRIEN
v.
The UNITED STATES.
No. 419-54.

United States Court of Claims.
Feb. 8, 1955.

Ross O'Donoghue, Washington, D. C., for plaintiff.

Lawrence S. Smith, Washington, D. C., with whom was Asst. Atty. Gen. Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff alleges in his petition that he is a civil engineer, employed by the Public Buildings Service of the General Services Administration, and has been so employed continuously by said agency and its predecessors since 1931, except for a period of approximately three years from January 1943, to December 1945, when he served with the Navy. Prior to his enlistment in the Navy he held a position as Principal Projects Engineer with a grade of P–6. Upon termination of hostilities, he applied for reinstatement in the position which he had left to enlist in the Navy but was told that his job had been abolished and that there were no vacancies in the grade that he had left, nor any positions for which he was qualified, occupied by any persons he was entitled to displace. He was told that he would be reemployed at a grade of P–5, if he desired.

Plaintiff further alleges that at the time he applied for reinstatement there were positions of the grade P–6 for which he was qualified and which were held by persons without veterans' preference.

Plaintiff further alleges that he accepted the job offered to him at the grade of P–5 in December 1945, and has been continuously employed since that time, but says the failure to reinstate him in a position at the grade he occupied just prior to his enlistment in the Navy constituted a denial of his rights under the Veterans' Preference Act, 5 U.S.C.A. § 851 et seq., and asks for judgment for the difference between the salary at grade P–6 and the salary he actually received in grade P–5.

Defendant has moved to dismiss the petition for the reason that plaintiff's claim is barred by the 6 year statute of limitations.

The question presented by defendant's motion is when plaintiff's cause of action accrued.

In his petition plaintiff alleges that he accepted without protest the position offered him upon his return from

military service, and that he has been employed continuously since December 1945, by the Public Buildings Service. Thus, in the light of the decisions of this court,[1] plaintiff's claim accrued when he was restored to the P–5 job. It was then he could first have sued if his rights had been violated in not restoring him to a job at the grade of P–6.

Plaintiff's claim was not filed until October 21, 1954, almost nine years later. Such a claim is barred by the statute of limitations. 28 U.S.C. § 2501 (1952 ed.)

It results that defendant's motion is sustained, and plaintiff's petition must be dismissed. It is so ordered.

JONES, C. J., and MADDEN, WHITAKER and LITTLETON, JJ., concur.

---

1. Palmer v. United States, Ct.Cl., 121 F. Supp. 643; Harmon v. United States, 124 Ct.Cl. 751; Gray v. United States, 124 Ct.Cl. 313.