Edward F. O'HARE
v.
UNITED STATES.
No. Cong. 4–56.

United States Court of Claims.
April 7, 1961.

Thomas A. Ziebarth, Washington, D. C., for plaintiff, Carl L. Shipley, Washington, D. C., on the brief.

Edna P. Goldberg, Washington, D. C., with whom was Asst. Atty. Gen. William H. Orrick, Jr., for defendant.

LARAMORE, Judge.

This suit was filed on July 13, 1956, pursuant to House Resolution 380, 84th Congress, 2d session, and involves a claim for back pay based on alleged violations of the Selective Training and Service Act of 1940, 54 Stat. 885, 890, as amended, 58 Stat. 798,* and the Veterans' Preference Act of 1944, 58 Stat. 387, 390, 5 U.S.C.A. § 851 et seq.

This claim for back pay was the subject of an earlier decision by this court, O'Hare v. United States, 124 Ct.Cl. 250, 109 F.Supp. 715, in which the court held that plaintiff's claim, except for a portion

* Now 50 U.S.C.A.Appendix, §§ 451 et seq., 459(b) (A), (c).

thereof, was barred by the statute of limitations, 28 U.S.C. § 2501.[1] Thereafter, the parties entered into a stipulation of settlement whereby plaintiff waived " * * * any and all other claims upon defendant touching any and all matters involved in this case."

House Resolution 380 under which this case was referred to the court, asks the court to furnish a report to the House giving:

" * * * such findings of fact and conclusions thereon as shall be sufficient to inform the Congress of the nature and character of the demand, as a claim legal or equitable, against the United States, and the amount, if any, legally or equitably due from the United States to the claimant."

The facts are fully found and will be referred to herein only to the extent necessary.

The first question confronting the court is whether or not plaintiff has a legal claim against the United States.

■ The short answer to the above question is that plaintiff does not have a legal claim against the United States for two reasons.

First, in the stipulation of settlement entered into after the first O'Hare case it was provided that plaintiff

" * * * hereby waives and abandons any and all other claims upon defendant touching any and all matters involved in this case and agrees to accept said amount of $100.00 in full satisfaction thereof * * *."

■ Secondly, assuming *arguendo* that the earlier waiver has no effect on the present claim, plaintiff still does not have a legal claim against the United States based on the merits of this action.

. The facts show that plaintiff was restored to a position of even higher seniority, status and pay than the position he held at the time of his entry into the military service. Upon plaintiff's return to the Railroad Retirement Board, he was restored to a grade 7 position to which he had been conditionally promoted.[2] After plaintiff was displaced by a returning serviceman, he was given the opportunity and elected to take a grade 6 position, which was a higher grade than that held prior to his entry into the service.[3] Prior to his entry into the Armed Forces his CAF-5 position was abolished and was not upgraded during his absence. The position to which he was conditionally promoted was in existence prior to his entry into the Armed Forces and was also not the result of the upgrading of any position which plaintiff had previously held.

Section 8 of the Selective Training and Service Act, supra, provided:

" * * * (b) In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year—

"(A) if such position was in the employ of the United States Government, its Territories or possessions, or the District of Columbia, such person shall be restored to such position or to a position of like seniority, status, and pay;

* * * * * *

---

1. It is noted that the court in its prior decision did not pass on the merits of plaintiff's claim. The court's opinion as to the portion of the claim not barred by limitations was conditioned upon the correctness of plaintiff's allegations.

2. Conditioned upon the return of another serviceman.

3. When plaintiff left for military duty he held a position of Field Representative, CAF-5.

"(c) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration."

Thus it can be seen that since plaintiff returned to a position higher in grade his rights under that Act were clearly not violated.

Section 8 of the Selective Training and Service Act, supra, was designed to give the returning veteran the right not to be discharged without cause for one year after he had been restored to his position or a like position of seniority, status and pay.

As demonstrated earlier, even after demotion to a grade 6 job plaintiff was in a position of greater seniority, status and pay than that held prior to entry into service. Consequently, it cannot be said that he was discharged without cause within the meaning of section 8.

■ Since it was not intended by section 8 to place a returning veteran in a better position than he would have been in if not away on military leave,[4] plaintiff's demotion would not be a discharge within the 1-year period. Plaintiff's rights, if any, therefore must arise under the Veterans' Preference Act, supra.

Plaintiff in his petition and brief has not alleged or claimed any violation of his procedural rights under section 14 of the Veterans' Preference Act, and in this respect it has been uniformly held that in absence of such an allegation the court will presume that the correct procedures have been followed. Riley v. United States, 126 F.Supp. 214, 130 Ct.Cl. 113. Furthermore, the record does not disclose any violation of his section 14 procedural rights.

■ Section 12 of the Veterans' Preference Act, supra, covers reduction in force and provides in pertinent part:

"In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings: * * *."

While plaintiff in his brief states that he was "demoted in a reduction in force, in further violation of his rights as a returning veteran," he has not explained in what way his rights were violated under section 12 above. In any event, section 12 is not applicable to a demotion from a conditional promotion. Powers v. Gold, D.C., 124 F.Supp. 93. Plaintiff accepted the promotion which was expressly conditioned upon the return of another veteran. The other veteran did return, and plaintiff was demoted to a position which was still higher than that which he occupied prior to service.

The remaining aspect of the case is whether or not plaintiff has an equitable claim against the United States.

■ The answer to this question is simple—plaintiff concedes and it is obvious that he suffered no monetary loss as a result of his demotion to the grade 6 position. Under these circumstances the United States cannot be equitably indebted to plaintiff even in the broad moral sense of the term. Cf. Gay Street Corporation v. United States, 127 F. Supp. 585, 130 Ct.Cl. 341. Furthermore, as stated previously, plaintiff realized a gain rather than a loss as a result of his military service.

4. McKinney v. Missouri-Kansas-Texas Railroad Co., 357 U.S. 265, 78 S.Ct. 1221, 2 L. Ed.2d 1305.

In conclusion, it is our opinion that for the reasons stated, plaintiff has neither a legal nor an equitable claim against the United States.

This opinion and the findings of fact, together with the conclusions thereon, will be certified by the clerk to Congress pursuant to House Resolution 380, 84th Congress, 2d session.

It is so ordered.

JONES, Chief Judge, MADDEN and DURFEE, Judges, and REED, Justice (Ret.), sitting by designation, concur.