Robert B. THOMPSON, Jr., Appellant,

v.

BOARD OF EDUCATION OF the DIS-
TRICT OF COLUMBIA et al.,
Appellees.

No. 16519.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 5, 1961.

Decided Feb. 8, 1962.

Mr. Robert A. Harris, Washington, D. C., for appellant.

Mr. Richard W. Barton, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellees.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON, and FAHY, Circuit Judges.

WILBUR K. MILLER, Chief Judge.

In January, 1961, Robert B. Thompson, Jr., a teacher of academic subjects in the Phelps Vocational High School, sued the Board of Education of the District of Columbia and the Superintendent of Schools in the United States District Court, asking it to declare him entitled to be placed in a higher salary bracket and to grant appropriate affirmative relief.

Thompson was first employed as a teacher of academic subjects in the Phelps Vocational School in 1940, when it was only a junior high school. By an order of September 1, 1944, the Board of Education raised the Phelps institution to the level of a senior high school, and shortly thereafter the Board "transferred" Thompson from the Phelps Vocational School to the Phelps Vocational High School. He holds only a Bachelor of Arts degree, does not teach vocational

or shop subjects, and from the beginning has taught only academic courses.

When the suit was filed, Thompson was head of the science department of the Phelps Vocational High School. He sought to be placed in the salary classification fixed by the Teachers' Salary Act of 1955 for teachers in senior high schools who have the master's degree. Although he did not have such a degree, his theory was that he was nevertheless entitled to the higher classification because a 1951 Act provided that all teachers already employed in senior high schools should be paid at the master's degree level, whether or not they possessed that degree, that is, that incumbent teachers having only bachelor's degrees were "blanketed" into the master's degree pay bracket. Thus, the gist of Thompson's complaint was that, being a teacher of academic subjects in a vocational high school which had been raised to the level of a senior high school, he should be paid as similar teachers in other senior high schools are paid, and not according to the salary schedule for teachers of vocational or shop subjects who were not "blanketed" into the master's degree class by the 1951 Act.

The Board and the Superintendent moved to dismiss the complaint as failing to state a claim upon which relief could be granted. The District Court granted the motion on that ground. Thompson appeals.

Before discussing the merits of this case, we think it well briefly to summarize the pertinent portions of the Acts of 1947, 1951 and 1955. The District of Columbia Teachers' Salary Act of 1947 [1] provided the following salaries for teachers in senior high schools:

> "Group A: A basic salary of $2,500 per year, with an annual increase in salary of $100 for fifteen years, or until a maximum salary of $4,000 per year is reached.

> "Group C: A basic salary of $3,000 per year, with an annual increase in salary of $100 for fifteen years, or until a maximum salary of $4,500 per year is reached."

Title III, Section 6(g), assigned teachers in senior high schools having master's degrees to Group C, quoted above, and Section 6(h) assigned teachers in such schools who did not possess master's degrees to Group A, above. 61 Stat. at 254.

A 1951 amendment to the 1947 Act [2] provided in substance that incumbent teachers in "senior high schools" who do not possess master's degrees should be placed in the same salary classification given those who had such degrees. As has been indicated, this has been called a "blanketing in" process, which brought into the higher salary class all senior high school teachers already in service. It may be regarded as a sort of "grandfather" clause, which is familiar in other connections.

Section 1 of the District of Columbia Teachers' Salary Act of 1955 [3] fixes a new salary schedule for teachers in senior high schools and vocational high schools. Section 2(a) of the 1955 Act, 69 Stat. at 523, contains the following:

> " * * * No teacher * * * shall be appointed or promoted to any position in section 1 of this Act on probationary or permanent status unless he possesses a master's degree, except that a person possessing a bachelor's degree may be appointed on probationary or permanent status as * * * shop teacher in the vocational high schools * * *."

The initial question is this: in 1951, when Congress granted "grandfather" rights to incumbent teachers in senior high schools holding only bachelor's degrees, thereby entitling them to be paid on the master's degree scale, did it intend to include in the grant incumbent teachers of academic subjects in vocational high schools who had only bachelor's degrees? To hold that Congress did not so intend would be to conclude the legislative purpose was to grant

1. 61 Stat. 248.

2. 65 Stat. 603.

3. 69 Stat. 521.

a valuable exemption to incumbent senior high school teachers who teach academic subjects, but to withhold it from incumbent teachers of strictly academic subjects in vocational high schools which had theretofore been placed on the senior high level.

That such arbitrary discrimination between teachers of exactly the same subjects was intended by Congress is not apparent from the statute. In the absence of an express provision to that effect, we are not willing to attribute to the legislative body an intention so to discriminate. We hold, therefore, that the 1951 amendment included incumbent teachers of academic subjects in vocational high schools having only bachelor's degrees, and assigned them to the master's degree pay classification. It follows that Thompson was entitled, by virtue of the 1951 legislation, to be placed in the master's degree salary bracket, although he had only a bachelor's degree.

■ We next consider whether the 1955 Act changed Thompson's salary status from that given him by the 1951 amendment by making him ineligible to receive compensation on the master's degree level. It is of course true, as appellees point out, that the 1955 Act provides no teacher in a senior high school and no non-shop teacher in a vocational high school shall "be appointed or promoted to any position in section 1 of this Act * * * unless he possesses a master's degree;"[4] and that the 1955 Act does not contain a "grandfather" clause similar to that of 1951. The appellees urge that, therefore, the 1955 Act is an unequivocal and unqualified requirement that teachers of academic subjects in vocational high schools have master's degrees in order to be appointed or promoted to any position for which the salary is fixed by that Act. Because of these considerations, the Board and the Superintendent contend, not only that Thompson is not entitled to the salary classification he seeks, but also that the 1955 Act makes his present employment illegal. They continue to employ him, however, thus risking the possibility of personal liability if their contention is correct.

But the Act of 1955 does not alter, modify or repeal the "grandfather" provision of the 1951 amendment. Congress of course knew in 1955 that certain bachelor's degree incumbents had been "blanketed" into the master's degree pay bracket; had it intended to take away from them the previously granted exemption, we think the intent would have been clearly expressed. We conclude that the 1955 Act applied in that regard only to new appointees, and did not disturb the "grandfather" status of those incumbents who had been "blanketed" in by the 1951 amendment.

To be sure, our interpretation of the statutes causes a salary distinction between shop and non-shop teachers in vocational high schools. The 1955 Act itself distinguishes between them, however, by requiring greater educational qualifications of newly appointed teachers of academic subjects than of shop teachers, even though they serve in the same school.

■ The appellees' suggestion of laches cannot be sustained. Thompson was informed by them on November 17, 1960, that they were bound by the ruling of the Corporation Counsel, which was adverse to him, and that "any further action that you desire to take regarding this matter would be in the courts."

Thus the appellant did not know until November 17, 1960, that the appellees felt bound to deny his claim on the opinion of the Corporation Counsel, which was based on a literal reading of the 1955 Act, without consideration of its background and its relation to preceding statutes. Having been advised in this fashion that he had no further administrative relief, he filed his complaint in the District Court slightly more than 60 days later.

---

4. Strangely enough, and contrary to the quoted words, one of the positions in section 1 of the Act, Class 18, Group A, is that of a teacher in senior high or vocational high school having the bachelor's degree.

From what has been said, we conclude the District Court erred in granting the motion to dismiss. Its order is set aside and the case is remanded so the appellees may plead, if so advised. If they do not, the prayer of the complaint should be granted.

Reversed and remanded.