Eugene M. ZUCKERT, Secretary of the Air Force, Appellant,

v.

Raymond H. PETERSON, Appellee.

No. 17560.

United States Court of Appeals District of Columbia Circuit.

Argued June 4, 1963.

Decided June 13, 1963.

---

Miss Barbara Deutsch, Attorney, Department of Justice, of the bar of the Supreme Court of Connecticut, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. John W. Douglas, Messrs. David C. Acheson, U. S. Atty., and Alan S. Rosenthal, Attorney, Department of Justice, Washington, D. C., were on the brief, for appellant.

Mr. Samuel C. Klein, Washington, D. C., for appellee.

Before BASTIAN, BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

Appellee [plaintiff] in this action seeks restoration to his former GS-9 position in the Department of the Air Force. Having been given notice of intention to remove him from his position for performance deficiencies, he duly filed a written reply. After being notified of the final decision to remove him, he requested review through the Air Force Grievance Procedure, which was granted. Thereafter, he was notified that removal was warranted, but that, due to mitigating circumstances, he could accept a lower grade (GS-4) instead of removal. Although advised of his right to seek further review by the Major Air Command, he, on September 6, 1957, accepted change to the lower grade.

The present action was not instituted until September 15, 1961, more than four years after the termination of the administrative proceedings. After intermediate proceedings appellee filed motion for summary judgment, which was granted by the District Court on October 15, 1962. This appeal followed.

We think this case is governed in all respects by Jones v. Summerfield, 105 U.S.App.D.C. 140, 265 F.2d 124 (1959), cert. denied, 361 U.S. 841, 80 S.Ct. 93, 4 L.Ed.2d 80, and that the District Court was in error in granting motion for summary judgment for appellee when his claim was plainly barred by laches.

The judgment of the District Court is reversed, and the case is remanded for further action on the issue of laches in light of Jones v. Summerfield, supra.

Reversed and remanded.