Jack WILDER, Earl Knudsen, Harold S. Brady, Wilton Linder Jaffee, Leo Robinson, Charles R. Michael, Martin Horwitz and Morris J. Rubin, Plaintiffs,

v.

Lloyd D. BRACE et al., Defendants.

Civ. No. 7-177.

United States District Court
D. Maine, S. D.
July 8, 1963.

Leonard M. Nelson, Portland, Me., Martin Horwitz, New York City, for plaintiffs.

Fred C. Scribner, Jr., and Donald W. Perkins, Portland, Me., Joseph P. Rooney, Gaston, Snow, Motley & Holt, Boston, Mass., Charles P. Barnes, Portland, Me., Robert W. Meserve, Boston, Mass., William L. Kerr, Midland, Tex., for defendants.

GIGNOUX, District Judge.

In their answers or by separate motions, the defendants have moved to dismiss this action for lack of jurisdiction over the subject matter. Fed.R.Civ.P. 12(b) (1).

For the purposes of the present motions it is sufficient to note the following background, as disclosed by the complaint and affidavits filed by the parties in support of their respective positions. The action is one for a declaratory judgment brought pursuant to 28 U.S.C. § 2201.[1]

---

1. 28 U.S.C. § 2201 provides as follows:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

28 U.S.C. § 2202 provides further:

"Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable

The jurisdiction of this Court is asserted under 28 U.S.C. §§ 1331 and 1332.[2] The complaint alleges that each of the plaintiffs is a duly elected director and also a stockholder of the defendant United States Smelting Mining and Refining Company, and that the action is brought by the plaintiffs in their own behalf as such directors and stockholders, and also representatively on behalf of all other stockholders of the Company. The complaint further recites that each of the individual defendants is presently, or has been, or claims to be a director of the Company. Plaintiffs contest the right of the defendants Brace, Lewis, Kaveler and Metcalfe to continue to act as directors, asserting that the directorships of these defendants terminated at the Company's recent annual meeting convened on May 15, 1963 and that at the same meeting the plaintiffs Robinson, Michael, Horwitz and Rubin were elected directors to fill the vacancies so created. The complaint seeks a declaration by this Court that the directorships of the defendants Brace, Lewis, Kaveler and Metcalfe have been lawfully terminated and that the plaintiffs Robinson, Michael, Horwitz and Rubin are directors of the Company. It also prays for appropriate injunctive relief and for an accounting.

The instant motions challenge the subject matter jurisdiction of this Court on two grounds: first, that the complaint does not present a "civil action" within the meaning of 28 U.S.C. §§ 1331 and 1332; and second, that the amount in controversy does not exceed the sum or value of $10,000, exclusive of interest and costs, the minimum amount required for jurisdiction by 28 U.S.C. §§ 1331 and 1332. For the reasons hereinafter stated, the Court concludes that it has subject matter jurisdiction of this action under 28 U.S.C. § 1332, and that hence the present motions must be denied.[3]

I. The basis of the defendants' contention that the complaint does not present a "civil action" within the meaning of 28 U.S.C. §§ 1331 and 1332 is their suggestion that the relief sought is in the nature of quo warranto, and that the federal courts are without jurisdiction to entertain such a proceeding, except in certain special instances not here involved. In support of this suggestion, the defendants make the following argument: Initially, they assert that the Federal Declaratory Judgments Act is not of course jurisdictional, and does not give the federal courts jurisdiction over any controversy which would not otherwise be within their jurisdiction if affirmative relief were being sought. There is no doubt as to the correctness of this proposition. Marshall v. Crotty, 185 F.2d 622, 626 (1st Cir. 1950). Next, the defendants assert, also correctly, that the present proceeding is essentially an action to try the title to corporate office, and that quo warranto, or some modern variant thereof, is the classic remedy by which to try the title to office in a private corporation. See, e. g., Me.Rev.Stat.Ann. ch. 129, § 22 (1954); 2 Fletcher, Corporations § 365 (Rev. ed. 1954). They then cite the case of United States ex rel.

2. 28 U.S.C. § 1331 provides as follows:
"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."
28 U.S.C. § 1332 provides in pertinent part as follows:
"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $10,000, exclusive of interest and costs, and is between—
"(1) citizens of different States;
* * *"

3. Diversity of citizenship between the plaintiffs and the defendants is conceded. The defendants accordingly agree that their motions must stand or fall on the question of whether the action satisfies the two challenged jurisdictional requirements, which are common to 28 U.S.C. §§ 1331 and 1332. Other grounds upon which jurisdiction was questioned by various of the defendants in their motions to dismiss are not here pressed.

Wisconsin v. First Fed. Sav. and Loan Ass'n., 248 F.2d 804 (7th Cir. 1957), cert. denied, 355 U.S. 957, 78 S.Ct. 543, 2 L.Ed.2d 533 (1958), in which the Court of Appeals for the Seventh Circuit has recently held that in the absence of specific statutory provision, "there is no original jurisdiction in the federal district court to entertain an information in the nature of *quo warranto.*" 248 F.2d at 809. Finally, they draw an analogy between quo warranto and mandamus, the latter clearly being relief beyond the competency of a federal court to grant, except in aid of a jurisdiction acquired on other grounds. Marshall v. Crotty, supra, 185 F.2d at 626–28; Newark Morning Ledger Co. v. Republican Co., 188 F.Supp. 813 (D.Mass.1960).

■■ The short answer to the defendants' argument is that under Maine law a quo warranto proceeding to try the title to office is clearly a civil and not a criminal action, Fellows ex rel. Cummings v. Eastman, 126 Me. 147, 151–52, 136 A. 810 (1927);[4] and in Ames v. Kansas ex rel. Johnston, 111 U.S. 449, 460–61, 4 S.Ct. 437, 28 L.Ed. 482 (1884), the United States Supreme Court has squarely held that where under applicable state law quo warranto is a civil proceeding, such an action is a "suit of a civil nature" within the meaning of the federal removal statute.[5] Despite the suggestion to the contrary in Commercial State Bank v. Gidney, 174 F.Supp. 770, 779 n. 17, (D.D.C.1959) the fact that Ames was a removed case provides, as the defendants here concede, no proper basis for its distinction;

for it has long been settled that except as specifically otherwise provided, the removal jurisdiction of the federal courts is identical with their original jurisdiction, upon which their removal jurisdiction is predicated. 1A Moore, Federal Practice para. 0.157(5) (2d ed. 1961).

The authority of Ames has never been questioned, and the rule there announced has been subsequently reaffirmed and applied on at least three occasions by the lower federal courts. In Illinois ex rel. Hunt v. Illinois Central R. Co., 33 F. 721, 726–29 (C.C.N.D.Ill.1888), Mr. Justice Harlan, sitting as a Circuit Justice four years after the decision in Ames, specifically relied upon Ames in holding that federal jurisdiction existed with respect to a quo warranto proceeding removed from an Illinois court, where despite its criminal form under Illinois law, the relief sought was civil in nature, saying:

"I am of opinion that, as the primary and only material object of the present proceeding is to enforce a civil right, it is to be regarded as a suit of a civil nature, within the principle of the decision in Ames v. Kansas, and within the meaning of the act of congress; and this, notwithstanding the court has a discretion, in addition to a judgment of ouster, to impose a fine." Id. 33 F. at 729.

Ames was also the basis of decision in Klein v. Wilson & Co., 7 F.2d 772 (D.N. J.1925), aff'd, 7 F.2d 777 (3d Cir. 1925), and more recently, the assumption of the continued validity of Ames is implicit in the opinion of the Court of Appeals for

---

4. In quo warranto proceedings involving title to office in a private corporation, the Maine Attorney General is not a necessary party to the petition or information. Me.Rev.Stat.Ann. ch. 129, § 22 (1954).

5. Presently 28 U.S.C. § 1441, which provides in pertinent part:
"(a) Except as otherwise expressly provided by Act of Congress, any *civil action* brought in a State court *of which the district courts of the United States have original jurisdiction,* may be removed by the defendant or the defendants, to the district court of the United

States for the district and division embracing the place where such action is pending." (Emphasis added.) In the 1948 revision of 28 U.S.C. the present phrase "civil action" was substituted for the former language "suits of a civil nature" in the predecessors to 28 U.S.C. §§ 1331, 1332 and 1441. The defendants agree that this change was made in order to conform to Fed.R.Civ.P. 2, and was not intended to have any substantive effect. See 28 U.S.C. §§ 1331, 1332 and 1441, Revisor's Notes; Rosen v. Alleghany Corp., 133 F.Supp. 858, 865 (S.D.N.Y.1955).

this Circuit in Petition of Henneman, 137 F.2d 627, 630 (1st Cir. 1943).

This Court does not read United States ex rel. Wisconsin v. First Fed. Sav. and Loan Ass'n., supra, upon which defendants rely, as indicating a view contrary to that here expressed. In the First Federal case the court held that a federal district court had no original jurisdiction over a quo warranto action filed by the State of Wisconsin in the name of the United States to test the right of a federal savings and loan association to establish three limited agency offices. Neither diversity nor federal question jurisdiction was asserted, the sole claim to federal jurisdiction being based upon 28 U.S.C. §§ 1345 and 1651(a). The court rejected both bases of jurisdiction, holding Section 1345 [6] was inapplicable because the suit, while in the name of the United States, was actually a suit by the State of Wisconsin. The court further held that Section 1651(a) [7] "does not enlarge or expand the jurisdiction of the courts but merely confers ancillary jurisdiction where jurisdiction is otherwise granted and already lodged in the courts." Id. 248 F.2d at 808. This Court can find in First Federal no "square holding," as the defendants here assert, that a quo warranto proceeding is not a "civil action" within the meaning of 28 U.S.C. §§ 1331 and 1332. It is significant that the Court of Appeals in that case did not cite Ames, which would have been an incomprehensible oversight had the court intended to cast any doubt upon its continued vitality.

■ The parallel drawn between quo warranto and mandamus, by the court in First Federal and by the defendants here, is inapposite. It is well settled that except as otherwise specifically provided, the federal courts have no original jurisdiction over mandamus proceedings, because they are not "civil actions" within the meaning of the federal jurisdictional statutes. Marshall v. Crotty, supra, 185 F.2d at 826–28. However, it is equally well settled under the controlling authority of Ames that where under applicable state law quo warranto proceedings are civil in nature, they are "civil actions" for federal jurisdictional purposes.

■ One further point remains for discussion. The defendants suggest that insofar as the present complaint seeks a declaration that the plaintiffs Robinson, Michael, Horwitz and Rubin are directors of the defendant corporation, the "relief sought could only be affirmatively achieved in Maine by a proceeding in the nature of mandamus * * *," of which this Court would concededly lack original jurisdiction. Marshall v. Crotty, supra, 185 F.2d at 626–28. There can be no question but that under the law of Maine quo warranto does not provide a complete remedy where title to an office already occupied is in dispute. It is clear that by the quo warranto proceeding the rights of both the incumbent and the claimant to corporate office are determined, and a wrongful occupant is ousted. Only after this has been done, can the one wrongfully excluded be placed in office, and this can be accomplished only by mandamus. French v. Cowan, 79 Me. 426, 435–38, 10 A. 335 (1887); Prince v. Skillin, 71 Me. 361, 366 (1880). However, having concluded that this Court properly has jurisdiction to determine in this action the title to the directorships here challenged, the Court has no doubt of its jurisdiction, on recognized principles, to issue such process, including an order in the nature of mandamus, as may be necessary in execu-

6. 28 U.S.C. § 1345 provides in pertinent part:
"Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

7. 28 U.S.C. § 1651(a) provides:
"(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

tion of any judgment it may enter. 28 U.S.C. § 1651(a); Rosenbaum v. Bauer, 120 U.S. 450, 454–55, 7 S.Ct. 633, 30 L. Ed. 743 (1887); 1 Barron & Holtzoff, Federal Practice and Procedure § 23 (Rules ed. 1960); cf. Hertz v. Record Publishing Co., 219 F.2d 397 (3d Cir. 1955), cert. denied, 349 U.S. 912, 75 S. Ct. 601, 99 L.Ed. 1247 (1955).

II. The defendants' assertion that the jurisdictional amount is not present in this action is equally without merit. The sole basis for this suggestion appears to be that the amount in controversy "may well be measured by the emolument of the office," which is concededly nominal. This is patently absurd. Unlike cases involving the right to public employment, see, e. g., Marshall v. Crotty, supra, 185 F.2d at 625–26; Powers v. Gold, 124 F.Supp. 93 (D.Mass. 1953), the fundamental matter in controversy here is the right to control a multi-million dollar corporation. Cf. Walsh v. Boston & M. R. R., 87 F.Supp. 934 (D.Mass.1950). In a suit such as this, " * * * the value of the matter in dispute * * * is the value of the property to be protected, cf. Bitterman v. Louisville & Nashville R. R. Co., 207 U.S. 205, 28 S.Ct. 91, 52 L.Ed. 171, which in turn is *at least* the value of the plaintiff's share in the company, control, or partial control of which may depend upon the outcome of the election." Textron, Inc. v. American Woolen Co., 122 F.Supp. 305, 308 (D.Mass.1954) (Aldrich, J.). (Emphasis added.) With the exception of the plaintiff Horwitz, each plaintiff here owned, at the time the complaint was filed, stock of the defendant corporation having a market value substantially in excess of $10,000.[8] Even if the present complaint stated no more

than an action by each plaintiff suing in his own behalf as a stockholder, the amount involved in the claim of each plaintiff, with the exception of the plaintiff Horwitz, would exceed the jurisdictional amount. However, the complaint also sets forth a class action on behalf of all the shareholders of the Company[9] to vindicate their voting rights, and a shareholders derivative suit for an accounting. On the first basis, the value of the stock owned by the group represented by the plaintiffs may be aggregated for the purpose of determining jurisdictional amount. Rosen v. Alleghany Corp., 133 F.Supp. 858, 864 (S.D.N.Y.1955); 3 Moore, op. cit. supra 23.13. On the second basis, "the test is the damage asserted to have been sustained by the defendant corporation," Koster v. (American) Lumbermens Mut. Cas. Co., 330 U.S. 518, 523, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947); 13 Fletcher, op. cit. supra § 5988. The Court certainly cannot say that this is clearly less than $10,000. See Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

This Court has no doubt that the amount in controversy in this action is substantially in excess of $10,000, exclusive of interest and costs.

III. The Court concludes that the complaint in this case presents a civil action between citizens of different States in which the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs. This Court therefore has jurisdiction of the subject matter under 28 U.S.C. § 1332, and the defendants' motions to dismiss for lack of such jurisdiction must be denied.

It is so ordered.

8. The complaint alleges that the plaintiffs own in the aggregate 29,410 shares of Common and Preferred Stock, the total outstanding Capital Stock of the Company consisting of 1,012,575 shares of Common and Preferred Stock, each of such shares having a par value of $50. The aggregate market value of the shares owned by the plaintiffs, as of the date on which this action was commenced, was in excess of $1,800,000.

9. Or, at the very least, the complaint sets forth an action on behalf of those shareholders who voted for the plaintiffs Robinson, Michael, Horwitz and Rubin at the May, 1963 meeting.