Cathie Lee CLARK, Appellant,

v.

Hugh J. SCOTT, Superintendent of Schools, et al., Appellees.

No. 7899.

District of Columbia Court of Appeals.

Argued Sept. 23, 1974.

Decided Dec. 10, 1974.

Rehearing Denied Jan. 24, 1975.

Ronald Kovner, Washington, D. C., with whom Peter H. Wolf, Washington, D. C., was on the brief, for appellant.

James N. Dulcan, Assistant Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellees.

Before REILLY, Chief Judge, and GALLAGHER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This appeal is from a Superior Court ruling in a teacher salary placement case granting appellees' motion for summary judgment. Appellant, now a retired District of Columbia school teacher, brought suit for declaratory and injunctive relief, and damages, alleging that she and other teachers similarly situated[1] were denied the full salary placement to which they were entitled under the District of Columbia Teacher's Salary Act of 1966[2] (hereinafter Salary Act). Finding that appellant's petition is barred by laches and at least in part by the statute of limitations, we affirm the judgment without reaching the merits of her case.

Appellant at age 55 was appointed a temporary teacher[3] in the District of Columbia school system in 1958 and served in that capacity until her retirement on January 31, 1972. She was originally placed in Salary Act class 18, step C, which is the equivalent of step 6 of class 15 under the present schedule. Appellant was appointed annually thereafter at the same salary step, but with periodic in-grade increments until July 1, 1966, when the Salary Act amendments at issue in this case became effective.

Upon being offered a choice of several classifications for which she qualified under the amendments, appellant chose in 1967 to be classified as a temporary teacher due solely to age. In a letter dated April 13, 1967, she was informed by the School Board's Assistant Chief Examiner that her choice entitled her to placement on the salary schedule at step 10 of salary class 15D. Appellant protested her placement to the Chief Examiner, arguing that her nine years of previous teaching experience should qualify her for a higher salary step. The Chief Examiner rejected her claim and affirmed the ruling of his subordinate in a letter of May 1, 1967.

For more than two years after receiving the ruling of the Chief Examiner appellant made no objection. Then on June 21,

---

1. The original complaint was filed as a class action in the United States District Court for the District of Columbia and subsequently certified to the Superior Court of the District of Columbia. The parties have agreed that the case should be treated on this appeal as though it were based on the complaint of an individual.

2. Act of Nov. 13, 1966, Pub.L.No.89–810, D.C.Code 1967, §§ 31–1501 et seq., 80 Stat. 1591, as amended D.C.Code 1973, §§ 31–1501 et seq.

3. As a veteran, she might have qualified for an appointment as a probationary teacher despite her age, but she failed to request such an appointment.

1969, she attempted to reopen her case by renewing her claim to a new Chief Examiner, but was again rejected by a letter dated July 7, 1969. She then sent a protest to a new member of the Board of Education who referred her case to the Superintendent of Schools. The Superintendent rejected her claim on October 25, 1970, advising her that additional questions regarding her case should be directed to an associate superintendent. The Board of Education's position was reiterated to the appellant in a November 18, 1971 letter from an associate superintendent. Appellant filed this suit 10 months later on September 11, 1972.

The trial court granted the appellees' motion for summary judgment, upholding their argument that the appellant's claim was barred by the statute of limitations and laches and noting that, in any event, the statutory provisions in issue were properly interpreted and applied by appellees. This appeal followed.

In the leading case of United States v. Lane, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650 (1919), the Supreme Court held that public policy required that a wrongfully discharged civil servant promptly assert his rights or be prohibited from pursuing his cause of action thereafter by laches. This principle has been widely applied to public employee cases in this jurisdiction and others, including salary downgrading cases, Zuckert v. Peterson, 116 U.S.App.D.C. 135, 321 F.2d 748 (1963), cert. denied, 375 U.S. 971, 84 S.Ct. 489, 11 L.Ed.2d 417 (1964); Farley v. Abbetmeir, 72 App.D.C. 260, 114 F.2d 569 (1940); job classification disputes, Bailey v. United States, 412 F.2d 320 (9th Cir. 1969); and a school teacher reappointment case, United States v. Doyle, 69 App.D.C. 215, 99 F.2d 448 (1938), cert. denied, 306 U.S. 640, 59 S.Ct. 488, 83 L.Ed. 1041 (1939). Under the authority of the cases cited, we conclude that the trial court justifiably ruled that the appellant's complaint was barred by laches.

■ Appellant first learned of her potential cause of action on April 15, 1967, when she was notified of her placement under the 1966 Salary Act amendments and she received a definitive ruling thereon from the Chief Examiner on May 1, 1967, affirming her salary placement. However, she apparently accepted that ruling. She failed to institute suit for five years, and made no further attempt to pursue her case administratively for more than two years. Appellant attempts to justify this delay by arguing that since it was apparent that the school administration was entering a period of chaotic change at that time, and, in fact there was a newly elected Board, a new Superintendent, and a new Chief Examiner by 1968, it was reasonable for her "to wait for the new officials to assume office and familiarize themselves with their duties and surroundings before continuing her quest for administrative relief." We find this excuse inadequate as there is nothing to indicate that the administration of the school system was not functioning during this period.

Appellant also fails to justify the period of 23 months which elapsed between the rejection of appellant's renewed claim by the Superintendent in November 1970 and the filing of this suit in September 1972. She attempts to explain 13 months of this period by arguing that she was continuing to pursue her administrative remedies with various associate superintendents pursuant to that part of the Superintendent's letter which recommended that she direct further questions regarding her placement to his associates. We do not read the Superintendent's remarks as purporting to provide additional avenues of administrative appeal, but merely a direction that any requests for further clarification of the Board's position should be directed to the Superintendent's subordinates. The Superintendent's letter was an unequivocal rejection of the appellant's request and constituted at least the fourth definitive ruling by officials from two different school sys-

tem administrations reaffirming the position of the School Board in this regard.

We find no justification for appellant waiting 23 more months before filing suit.[4]

■ In her brief appellant argues that even if her delay in filing suit was unjustified, laches should not bar her complaint because the appellees have not been prejudiced. We note in this regard several cases involving salary grade disputes in which laches has been applied. *See e. g.,* Zuckert v. Peterson and Farley v. Abettmeir, *supra. See also* Bailey v. United States, *supra.* As the appellees pointed out in the trial court, to pay the appellant's back salary and retirement claim of nearly $9,000 would no doubt require the elimination of some educational services now offered in the school system's presently committed budget. Because of the importance of maintaining consistent policies and the mandate of living within a budget the qualifications, salary and promotion of one teacher is necessarily interrelated to the problems inherent in the hiring, salary placement, and promotion of the entire teaching staff. The detrimental effect of the delay in bringing this claim would be multiplied if, as appellant alleges, these are between forty-seven and eighty-nine other teachers similarly situated. Instructive on this issue is the Supreme Court's statement in United States v. Lane, *supra,* 249 U.S. at 372, 39 S.Ct. at 294, that:

> When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the

government service may be disturbed as little as possible . . . ..

Although here, appellant continued to teach, she knew she had been denied the position to which she claimed entitlement. Considering the lengthy periods of unjustified inaction in which appellant failed to press her claim with diligence, we cannot say that the trial court erred in granting the motion for summary judgment on grounds, *inter alia,* of laches.

■ We note furthermore that a good part, if not all, of appellant's claim is barred by the statute of limitations. In employment cases it has generally been held that the cause of action accrues on the date the employer fails or refuses to pay what the law requires. Friedman v. United States, 310 F.2d 381, 385, 159 Ct.Cl. 1 (1962); Foust v. Carney, 205 Tenn. 604, 329 S.W.2d 826 (1959); West v. Board of Education of Prince George's County, 165 F.Supp. 382 (Md.1958); O'Brien v. United States, 128 F.Supp. 384, 130 Ct.Cl. 713 (1955); Riley v. United States, 126 F. Supp. 214, 130 Ct.Cl. 113 (1954). In appellant's case this was May 1, 1967, at the latest. Because suit was not filed until September 11, 1972, her original claim was barred by the three-year statute of limitations. D.C.Code 1973, § 12–301.[5]

■ We find no persuasion in her contention that she was entitled to pursue administrative remedies as outlined, *supra,* before bringing suit and that the statute of limitations was tolled during that period. The short answer of course to that contention is that she had no administrative remedies. Since no appeals or other remedies were provided by the school system, we find that the remedies she pursued were permissive only and did not toll the run-

4. Appellant's reliance upon Thompson v. Board of Education of District of Columbia, 112 U.S.App.D.C. 89, 299 F.2d 920 (1962), to counter the defense of laches is unpersuasive. In *Thompson* the Circuit Court found that the appellant filed his complaint within 60 days after receiving a definitive ruling from the School Board via its adoption of the opinion of the Corporation Counsel concerning his salary placement status.

5. All parties agree that D.C.Code 1973, § 12–301, is the applicable statute of limitations.

ning of the statute of limitations. O'Callahan v. United States, 451 F.2d 1390, 196 Ct.Cl. 556 (1971); Jones v. Summerfield, 105 U.S.App.D.C. 140, 265 F.2d 124 (1959).

Appellant also contends her case involves a recurring cause of action in that each successive improper placement would constitute a new claim. Friedman v. United States, *supra,* 310 F.2d at 385; Minor v. Lillard, 289 S.W.2d 1 (Mo.1956); Weiss v. Weiss, 179 Neb. 714, 140 N.W.2d 15 (1966). Consequently, she contends that her claims for any improper placement made within the last three years would not be barred by the statute of limitations. The merits of this part of her argument need not be considered here in view of our holding that the trial court was correct in finding appellant's entire claim was barred by laches.

Affirmed.

